NOT DESIGNATED FOR PUBLICATION

No. 113,810

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILO JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 8, 2016. Affirmed in part, vacated in part, and remanded with directions.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*: Milo Jones appeals from the district court's denial of a motion to correct illegal sentence that he filed in two separate criminal cases. We agree that the district court should have classified Jones' two pre-1993 in-state burglary adjudications as nonperson felonies when calculating his criminal history score based on the Kansas Supreme Court's decision in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). In one of his cases, reclassification of his pre-1993 burglary adjudications as nonperson felonies would lower his criminal history score. In the other case, however, Jones would

1

still have a criminal history score of "A" even if we reclassified his two pre-1993 burglary convictions as nonperson felonies. Accordingly, we affirm in part, vacate in part, and remand for resentencing in one of Jones' cases.

FACTS

On January 6, 1999, in Sedgwick County Case No. 98CR1897, a jury convicted Jones of one count each of robbery and battery as well as two counts of obstruction of official duty for conduct that occurred in August 1998. A presentence investigation (PSI) report placed Jones in criminal history category "A" and included two 1984 juvenile adjudications for burglary and one 1989 juvenile adjudication for aggravated robbery that occurred before the enactment of the Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 21-4701 *et seq.*; L.1992, ch. 239, secs. 1-304 (effective July 1, 1993). The report scored all three of the pre-1993 adjudications as person felonies. In total, Jones' PSI reflected a criminal history that included six person felonies and four nonperson felonies.

On February 12, 1999, the district court sentenced Jones to 137 months of imprisonment. Jones filed a direct appeal and this court affirmed his convictions. *State v. Jones*, No. 82,869, unpublished opinion filed June 2, 2000 (Kan. App.). On February 20, 2003, the district court denied a motion to vacate sentence filed by Jones in which he argued that the use of his prior juvenile adjudication in his criminal history score violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This court affirmed that decision as well on appeal—finding that the argument failed under the reasoning in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), and *State v. Hitt*, 273 Kan. 224, 42 P.3d 732 (2002). See *State v. Jones*, No. 92,270, 2004 WL 2659135 (Kan. App. 2004) (unpublished opinion).

Also on January 6, 1999, in Sedgwick County Case Number 98CR1956, Jones pled no contest to two counts of aggravated robbery and pled guilty to one count of

aggravated robbery for conduct that occurred on August 18 and 22, 1998. The PSI report in that case likewise placed Jones in criminal history category "A" based in part on the same two 1984 juvenile adjudications for burglary as well as the 1989 juvenile adjudication for aggravated robbery, all of which were scored as person felonies. The PSI in that case, reflected a total of four person felonies, six nonperson felonies, and one person misdemeanor.

On February 12, 1999—the same day the district court sentenced Jones in Case No. 98CR1897—the district court sentenced him to 194 months of imprisonment in Case No. 98CR1956. There is nothing in the record to indicate that Jones filed a direct appeal in Case No. 98CR1956. However, he did file a motion to vacate his sentence on January 30, 2003. The motion to vacate was denied on February 20, 2003, but it does not appear that Jones appealed that decision.

On June 5, 2014, Jones filed a pro se motion to correct illegal sentence in both Case No. 98CR1897 and Case No. 98CR1956. In his motion, Jones argued that the district court had wrongly calculated his criminal history score pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Accordingly, he asserted that all of his pre-1993 juvenile adjudications should have been scored as nonperson felonies.

The district court appointed counsel to represent Jones. In turn, the attorney filed a joint motion to correct illegal sentence in both cases. In the joint motion, it was again argued that Jones' sentences were illegal pursuant to *Murdock*. Jones' attorney subsequently filed another motion to correct illegal sentence in both cases pursuant to *Dickey*, 301 Kan. 1018.

3

On December 9, 2014, the district court filed journal entries in both cases denying Jones' motion to correct illegal sentence. The district court found that *Murdock* did not apply to any of Jones' prior juvenile adjudications and that although he had adjudications to which *Dickey* would apply, Jones was barred from bringing those claims because he failed to object to his criminal history at the time of sentencing. Thereafter, Jones filed a timely joint notice of appeal.

ANALYSIS

In this consolidated appeal, Jones contends that the district court erred in denying his motion to correct an illegal sentence. Initially, Jones argues that the Kansas Supreme Court's decision in *Dickey*, 301 Kan. at 1021, requires that his two pre-1993 juvenile adjudications for burglary be scored as nonperson felonies for criminal history purposes given the statutory elements of the offense and the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). He also argues that all of his pre-1993 felony adjudications as a juvenile must be scored as nonperson felonies for criminal history purposes.

Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Under K.S.A. 22-3504(1), an illegal sentence is:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" *Moncla*, 301 Kan. at 551.

At the outset, we note that Jones acknowledges that the *Keel* decision overruled *Murdock*. In *Keel*, the Kansas Supreme Court held that "the classification of a prior

4

conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." *Keel*, 302 Kan. at 590. Because we are bound to follow Kansas Supreme Court precedent absent some indication that the court intends to depart from its prior position, we must follow *Keel* and compare Jones' prior adjudications to the comparable Kansas offenses in 1998, when he committed the crimes for which he is now arguing the sentences were illegal. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014).

In 1998, aggravated robbery was scored as person offense in Kansas. See K.S.A. 21-3427 (Furse 1995). As such, the district court's classification of Jones' prior juvenile adjudication for aggravated robbery as a person offense on his PSI did not make his sentence illegal. On the other hand, burglary could have been classified either as a person or nonperson crime in 1998 depending on the circumstances. See K.S.A. 21-3715 (Furse 1995). So, we must analyze Jones' pre-1993 juvenile adjudications for burglary under *Dickey*.

The defendant in *Dickey* pled guilty to felony theft, and his PSI listed a 1992 juvenile adjudication for burglary that the district court scored as a person felony. At sentencing, the defendant did not object to his criminal history score as reflected in the PSI report. On appeal, the defendant challenged the classification of his 1992 burglary adjudication as a person felony, arguing that it violated his Sixth Amendment rights as articulated by the United States Supreme Court in *Apprendi* and *Descamps*. The Kansas Supreme Court concluded that the defendant was not barred from challenging the classification of his burglary adjudication as a person felony because it held that a stipulation or lack of an objection regarding how a prior conviction or adjudication should be classified in determining a defendant's criminal history score does not prevent a subsequent challenge under K.S.A. 22-3504(1). *Dickey*, 301 Kan. at 1032.

Furthermore, applying *Apprendi* and *Descamps*, the *Dickey* court determined that the burglary statute in effect when the defendant committed his prior burglary did not require evidence showing that the burglarized structure was a dwelling. 301 Kan. at 1039. Our Supreme Court explained that because the burglary statute did not contain a dwelling element, determining whether the defendant's burglary involved a dwelling at the criminal history stage "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. Thus, it concluded that "classifying [the defendant's] prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." *Dickey*, 301 Kan. at 1021.

Notwithstanding, the State argues that the Kansas Supreme Court's recent decision in *State v. Warrior*, 303 Kan. 1008, 368 P.3d 1111 (2016), is controlling. In *Warrior*, it was held that a motion to correct an illegal sentence is not an appropriate vehicle to challenge the constitutionality of a sentence as Jones has done here. 303 Kan. 1008, Syl. However, in *Warrior* the defendant challenged the constitutionality of the statute upon which his current conviction was based. Here, it is asserted that the constitutional error caused the court to misclassify Jones' prior juvenile adjudications for burglary, which increased his criminal history score and resulted in an illegal sentence. Thus, we find this case to be more akin to the Kansas Supreme Court's rationale in *Dickey* than in *Warrior*.

Applying the reasoning used in *Dickey*, we conclude that scoring Jones' 1984 juvenile adjudications for burglary as person felonies violated his constitutional rights. Nevertheless, the State maintains that Jones' argument as it pertains to his sentence in Case No. 98CR1897 is moot because his sentence would not change even if this court accepts his arguments. The State also argues that Jones' motion to correct illegal sentence is barred by the doctrine of res judicata and that we should not retroactively apply *Dickey* to vacate Jones' sentence.

6

Based on our review of the record, it is apparent that Jones' sentence in Case No. 98CR1897 would not change even if he his pre-1993 burglary adjudications are considered as nonperson felonies for the purposes of determining his criminal history. It is undisputed that Jones' criminal history in Case No. 98CR1897 included his three adult criminal convictions from 1999 for aggravated robbery—each of which were properly scored as person felonies. Accordingly, we find that Jones' criminal history score in that case would still be "A" even if these were the only convictions included on his PSI. See K.S.A. 21-4709 (Furse 1995). In light of this finding, we conclude that vacating Jones' sentence in Case No. 98CR1897 and remanding for resentencing would be ineffectual for any purpose and would not impact any of the parties' rights. See *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014); *State v. Hampton*, No. 113,553, 2016 WL 2609632, at *2-3 (Kan. App. 2016) (unpublished opinion).

In Case No. 98CR1956, however, the wrongly classified prior convictions would have an impact on Jones' sentence because he would have only two remaining person felonies on his PSI. Accordingly, it appears that his criminal history score would be "B" instead of "A." See K.S.A. 21-4710 (Furse 1995). Furthermore, we do not find that Jones' motion to correct illegal sentence in that case is barred by the doctrine of res judicata. Instead, we find the rationale in *State v. Martin*, 52 Kan. App. 2d 474, 369 P.3d 959 (2016), *petition for rev*. filed May 5, 2016, to be persuasive.

In *Martin* this court held that a constitutional violation under *Dickey* may be brought in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final. See 52 Kan. App. 2d 474, Syl. ¶¶ 7-8. Specifically, the *Martin* decision recognized that "retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence" because "the legislative directive in K.S.A. 22-3504(1) allows courts to correct an illegal sentence at any time." 52 Kan. App. 2d at 483-84. Moreover, the court found in *Martin* that applying the doctrine of res judicata to

7

bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear legislative directive in K.S.A. 22-3504(1) that the courts may correct an illegal sentence at any time. 52 Kan. App. 2d at 481.

We, therefore, affirm Jones' sentence in Case No. 98CR1897 but vacate Jones' sentence in Case No. 98CR1956 and remand that case to the district court for resentencing consistent with *Dickey*.

Affirmed in part, vacated in part, and remanded for resentencing in Case No. 98CR1956.