No. 113,189

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL R. MARTIN,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. Whether a sentence is illegal is a question of law over which an appellate court has unlimited review.

2.

An illegal sentence under K.S.A. 22-3504(1) is: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.

3.

Generally, when an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.

1

4.

The doctrine of res judicata or waiver does not apply to bar a claim when that claim, if true, would render a sentence illegal and the claim has not been previously addressed on its merits.

5.

Applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive in K.S.A. 22-3504(1) that courts may correct an illegal sentence at any time.

6.

Subject to limited exceptions, when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision.

7.

Generally, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. But when a constitutional challenge results in the determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence. Under K.S.A. 22-3504(1), Kansas courts have jurisdiction to correct an illegal sentence at any time.

8.

A claim under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), may be brought in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final. The general rule prohibiting retroactive

2

application of an appellate court decision is superseded by the legislative directive in K.S.A. 22-3504(1) that courts may correct an illegal sentence at any time.

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed March 4, 2016. Sentence vacated and case remanded with directions.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

MALONE, C.J.:  Michael R. Martin appeals the district court's denial of his motion to correct illegal sentence. Specifically, Martin argues that the district court erred when it classified his two 1990 Kansas juvenile adjudications for burglary as person felonies for criminal history purposes, resulting in an illegal sentence. Martin claims he is entitled to relief under our Kansas Supreme Court's holding in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The State responds by arguing that the district court properly denied the motion to correct illegal sentence because Martin's sentence was correctly imposed in 2012. The State argues that the doctrine of res judicata bars Martin's claim because he could have challenged his criminal history classification on direct appeal but failed to do so. The State also argues that the holding in *Dickey* should not be retroactively applied to Martin's case which was final before our Supreme Court's decision in *Dickey*. For the reasons stated herein, we reject the State's claims that Martin is procedurally barred from obtaining relief under the holding in *Dickey*. Thus, we vacate Martin's sentence and remand for resentencing with directions to apply the correct criminal history score.

FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2012, Martin pled guilty to one count of possession with intent to distribute marijuana and two counts of criminal possession of a firearm. The district court ordered a presentence investigation (PSI) report which indicated that Martin was in criminal history category A based in part on two 1990 Kansas juvenile adjudications for burglary of a residence which were scored as person felonies. The district court held a sentencing hearing on November 14, 2012, and Martin did not object to his criminal history score. The district court imposed a controlling sentence of 49 months' imprisonment with 24 months' postrelease supervision. The record does not reflect that Martin filed a direct appeal.

On June 16, 2014, Martin filed a motion to correct illegal sentence. In the motion, Martin argued that based on the Kansas Supreme Court's holding in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), his two 1990 Kansas juvenile adjudications for burglary should have been classified as nonperson offenses. Therefore, Martin argued his criminal history score should have been C instead of A and he should be resentenced with the correct criminal history score.

On October 23, 2014, Martin filed a second motion to correct illegal sentence. In this motion, Martin argued that based on this court's decision in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, his two 1990 Kansas juvenile adjudications for burglary should have been classified as nonperson offenses. Martin again alleged that this would have resulted in his criminal history score being C instead of A, making the sentence imposed by the district court for his convictions illegal. The State filed a response to both motions and raised many arguments, including arguments

that the holdings in *Murdock* and *Dickey* should not be retroactively applied to Martin's case.

On December 1, 2014, the district court summarily denied both motions. The district court ruled that *Murdock* only applied to out-of-state convictions, did not apply on a collateral attack, and did not apply retroactively. The district court also ruled that this court's decision in *Dickey* only applied to out-of-state convictions, did not apply on a collateral attack, and did not apply retroactively. Finally, the district court noted that Martin was not entitled to any relief because he stipulated to his criminal history score at sentencing. Martin appealed the denial of both motions.

ANALYSIS

On appeal, Martin has abandoned his motion to correct illegal sentence based on our Supreme Court's holding in *Murdock*, presumably because *Murdock* has been overruled by *Keel*, 302 Kan. 560, Syl. ¶ 9. Thus, Martin is now seeking relief only under his second motion to correct illegal sentence based on *Dickey*.

K.S.A. 22-3504(1) provides that "[t]he court may correct an illegal sentence at any time." Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

> "'[A]n "illegal sentence" under K.S.A. 22-3504 [is]:  (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" 301 Kan. at 551.

Martin contends that *Dickey* is dispositive with regard to his 1990 Kansas juvenile adjudications for burglary. We will briefly review our Supreme Court's decision in that

5

case. In *Dickey*, the defendant pled guilty to felony theft and his PSI report listed a 1992 juvenile adjudication for burglary, scored as a person felony. At sentencing, the defendant did not object to his criminal history score as reflected in the PSI report. The district court sentenced the defendant to a prison term, and he appealed.

On appeal, the defendant challenged the classification of his 1992 burglary adjudication as a person felony for criminal history purposes, arguing it violated his Sixth Amendment rights as enunciated by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In *Apprendi*, the Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Descamps*, the Court determined that *Apprendi* is implicated when a district court enhances a defendant's sentence based on a finding that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. *Descamps*, 133 S. Ct. at 2288-89.

Our Supreme Court in *Dickey* determined that the defendant in that case was not barred from challenging the classification of his burglary adjudication as a person felony merely because he had stipulated to his criminal history score at sentencing. 301 Kan. at 1032. Specifically, our Supreme Court stated:

> "[A] defendant's stipulation or failure to object at sentencing will prevent the defendant
> from later challenging the existence of the convictions listed in his or her criminal
> history. But a stipulation or lack of an objection regarding how those convictions should
> be classified or counted as a matter of law for the purpose of determining the defendant's
> criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1)
> of his or her prior convictions. [Citation omitted.]" 301 Kan. at 1032.

6

Applying *Apprendi* and *Descamps*, the *Dickey* court determined the burglary statute in effect when the defendant committed his prior burglary did not require evidence showing that the burglarized structure was a dwelling. 301 Kan. at 1039. The court explained that because the burglary statute did not contain a dwelling element, determination of whether the defendant's burglary involved a dwelling "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. The *Dickey* court concluded that "classifying [the defendant's] prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." *Dickey*, 301 Kan. at 1021.

Based on *Dickey*, Martin is not barred from challenging the classification of his 1990 Kansas juvenile adjudications for burglary as person felonies merely because he stipulated to his criminal history score at sentencing. Similar to *Dickey*, the statute under which Martin was adjudicated for burglary in 1990 did not include a dwelling element. At that time, burglary was defined as follows:

> "Burglary is knowingly and without authority entering into or remaining within any: (1) Building, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 1990 Supp. 21-3715.

Because the burglary statute in effect at the time Martin committed the burglaries for which he was adjudicated did not contain a dwelling element, the district court's person classification necessarily required judicial factfinding. Accordingly, the classification of Martin's 1990 burglary adjudications as person felonies violates his constitutional rights as described in *Apprendi* and *Descamps* and as applied by the Kansas Supreme Court in *Dickey*.

7

*May a claim under* Dickey *be brought in a motion to correct illegal sentence when the time for direct appeal has passed and the defendant's sentence is final?*

The State does not dispute the contention that if Martin was being sentenced today, his two 1990 Kansas juvenile adjudications for burglary would be scored as nonperson offenses under the holding in *Dickey*. Instead, the State argues that Martin is procedurally barred from bringing his claim for two reasons. First, the State maintains that the doctrine of res judicata bars Martin's claim. Specifically, the State argues that Martin could have challenged the classification of his juvenile adjudications for burglary as person felonies on direct appeal and he has waived the issue because he failed to do so. Second, the State argues that the holding in *Dickey* should not be retroactively applied to Martin's case which was final before *Dickey* was decided. Thus, the central issue in this appeal is whether a claim under *Dickey* may be brought in a motion to correct illegal sentence when the time for direct appeal has passed and the defendant's sentence is final.

The State first argues that the doctrine of res judicata bars Martin's claim. "The applicability of res judicata is a question of law over which this court has unlimited review." *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361(2013).

> "The doctrine of res judicata provides that 'where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.' [Citations omitted.]"*State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

"The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.'" 299 Kan. at 901. Four elements are required to apply the doctrine of res judicata to procedurally bar a claim: (1) the same claim; (2) the same parties; (3) the claim at issue was or could have been raised in the previous appeal; and (4) there was a final judgment on the merits. 299 Kan. at 901. The State argues that

Martin could have raised his current challenge to his sentence in a direct appeal and, by failing to do so, he has waived it. Martin has not directly addressed the State's res judicata argument. Nevertheless, when closely examined, the State's argument is not persuasive.

As the State notes, Kansas appellate courts previously have applied the doctrine of res judicata to motions to correct illegal sentences. See *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) ("Res judicata applies to motions to correct illegal sentences filed pursuant to K.S.A. 22-3504."). The State points to *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000), in which our Supreme Court reiterated that a motion to correct illegal sentence "may not be used as a vehicle to breathe new life into appellate issues previously abandoned or adversely determined." The State argues that under *Johnson*, Martin has abandoned this claim by not pursuing a direct appeal.

*Johnson* is easily distinguishable because the issue that was barred by res judicata in that case was whether the State acted at sentencing in a way that was inconsistent with its plea bargain obligations. See 269 Kan. at 601. As the *Johnson* court noted, even if that error occurred, it would not render a sentence illegal under K.S.A. 22-3504(1). 269 Kan. at 601. Here, if Martin's criminal history score was miscalculated based upon an incorrect classification of prior juvenile adjudications as person offenses, his sentence is illegal. See *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015) (stating the claim of misclassification of prior convictions as person offenses "necessarily raise[s] a claim that the current sentence is illegal because it does not comply with the applicable statutory provision regarding the term of punishment authorized").

The State provides no citation to a case in which a Kansas appellate court applied the doctrine of res judicata or waiver to bar a claim when that claim, if true, would render a sentence illegal and the claim had not been previously addressed on its merits. The cases in which Kansas appellate courts have applied res judicata to motions to correct an illegal sentence involve claims that previously were resolved on the merits or claims that

9

would not render a sentence illegal, even if true. See, *e.g.*, *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012) (barring through res judicata claim of illegal sentence that was raised and denied at least six times previously), *cert denied* 134 S. Ct. 114 (2013); *Conley*, 287 Kan. at 698 (A motion to correct illegal sentence "may not be used to breathe new life into an appellate issue *previously adversely determined*." [Emphasis added.]); *Johnson*, 269 Kan. at 601.

Moreover, interpreting the doctrine of res judicata to bar challenges of an illegal sentence merely because they *could* have been brought in a direct appeal would undermine the clear statutory directive that courts may correct an illegal sentence at any time under K.S.A. 22-3504(1). As this court recently explained in an unpublished decision, res judicata generally applies to all issues that were or could have been raised in an appeal from a sentence or conviction. *Angelo v. State*, No. 109,660, 2014 WL 1096834, at *3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. ___ (January 8, 2015). But the *Angelo* court also stated: "However, K.S.A. 22-3504(1) provides an exception to this rule. If a sentence is illegal, then the court may correct an illegal sentence at any time despite a defendant's failure to raise the issue on direct appeal." 2014 WL 1096834, at *3. This court continued: "[If a] sentence is illegal, res judicata does not apply and we have jurisdiction over the issue." 2014 WL 1096834, at *4.

Our Supreme Court took a similar position in *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). The *Neal* court noted that although the defendant had not raised in his direct appeal the issue of aggregation of prior convictions for criminal history purposes, "the motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal." 292 Kan. at 631. Based on the analysis in *Neal* and *Angelo* and because a broad application of res judicata would contravene the clear directive of K.S.A. 22-3504(1), we decline to apply the doctrine of res judicata or waiver to bar Martin's claim of an illegal sentence.

10

Next, the State argues that the holding in *Dickey* should not be "retroactively applied" to cases, like Martin's, that became final prior to our Supreme Court's opinion in *Dickey*. The State points out that *Dickey* involved a challenge to criminal history *on direct appeal*. Martin, however, brought his claim in a motion to correct illegal sentence filed after his sentence had become final.

"Generally, when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision." *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). The general rule prohibiting retroactive application of an appellate court decision stems from our Supreme Court's adoption of the United States Supreme Court's rules that in only two instances should new constitutional rules be applied retroactively to cases on collateral review. As explained by our Supreme Court in *Drach v. Bruce*, 281 Kan. 1058, 1072, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007):

> "'Under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), a new rule of constitutional criminal procedure is not applied retroactively on collateral review unless (1) it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to prosecute, or (2) it is a watershed rule requiring the observance of those procedures that are implicit in the concept of ordered liberty.' [Citation omitted.]"

The State presumes that in order for the holding in *Dickey* to affect Martin's sentence, this court must hold that *Dickey* is retroactively applicable under one of those exceptions. Again, we find guidance in *Neal*. In that case, the defendant filed a motion to correct illegal sentence under K.S.A. 22-3504(1) and raised a constitutional challenge to his sentence, arguing that prior uncounseled misdemeanor convictions could not be included in calculating his criminal history score. The Supreme Court led off the opinion by discussing whether the defendant's motion was procedurally barred, *i.e.*, whether

11

K.S.A. 22-3504(1) was a proper vehicle for his claim. The Supreme Court noted that it has defined an illegal sentence as one imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or in the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served. 292 Kan. at 630. The Supreme Court determined that if either the crime severity level or the criminal history score is in error, a party can challenge a sentence as being illegal. 292 Kan. at 631. The Supreme Court went on to conclude:

> "Here, Neal's challenge to his criminal history score is necessarily a challenge to his sentence that the history score helped produce. If the history score is incorrect, it follows that his resulting sentence cannot conform with the statutory provision in the term of the punishment authorized, and, consequently, is an illegal sentence. Accordingly, K.S.A. 22-3504 is the proper vehicle for his claim. [Citation omitted.]" 292 Kan. at 631.

Generally, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. See *Moncla*, 301 Kan. at 553-54 ("'Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges.'"). But when a constitutional challenge results in the determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence. *Neal*, 292 Kan. at 631. Under K.S.A. 22-3504(1), Kansas courts have jurisdiction to correct an illegal sentence at any time. See *State v. Kelly*, 298 Kan. 965, Syl. ¶ 5, 318 P.3d 987 (2014).

Based on *Neal*, retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence. Stated differently, the general rule prohibiting retroactive application

12

of an appellate court decision is superseded by the legislative directive in K.S.A. 22-3504(1) that the court may correct an illegal sentence at any time. Thus, we conclude that Martin is not procedurally barred from challenging the legality of his sentence under *Dickey*.

In the alternative, Martin argues that he is not asking for retroactive application of *Dickey*; instead, in his reply brief, Martin argues that because the United States Supreme Court's decision in *Apprendi* was in place well before his sentencing in 2012, "the rationale in *Apprendi* should apply to the calculation of his criminal history score." Martin's alternative argument has merit.

In *Dickey*, our Supreme Court explicitly held:  "[C]lassifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." 301 Kan. at 1021. In its analysis of those constitutional rights, the court began by examining *Apprendi*, clearly indicating that *Apprendi* was the basis for the ultimate holding in *Dickey*. 301 Kan. at 1036-37. *Descamps* provided a means by which to determine whether certain sentencing determinations violated *Apprendi*, and *Dickey* applied that framework to Kansas criminal history determinations. 301 Kan. at 1036-40.

Because both *Descamps* and *Dickey* are applications of *Apprendi* and Martin's current Kansas case arose well after *Apprendi* was decided, applying *Dickey* would not require retroactive application of the caselaw identifying the constitutional rights at stake. See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) ("[T]he new constitutional sentencing rule established by *Apprendi* must be applied here and in all cases pending on direct appeal or which are not yet final or which arose after June 26, 2000."). Therefore, even if this court were to consider Martin's challenge under the general principle that new constitutional rules cannot be retroactively applied to cases on collateral review, that principle does not bar Martin's claim.

13

In summary, based on the holding in *Dickey*, the district court erred at Martin's sentencing by classifying his two 1990 Kansas juvenile adjudications for burglary as person felonies for criminal history purposes. For the reasons stated herein, Martin may bring his claim for relief under *Dickey* in a motion to correct illegal sentence even after his sentence became final. Accordingly, we vacate Martin's sentence and remand for resentencing with directions to classify Martin's two 1990 Kansas juvenile adjudications for burglary as nonperson offenses for criminal history purposes.

Sentence vacated and case remanded with directions.