NOT DESIGNATED FOR PUBLICATION

Nos. 113,685
113,686
113,687

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD L. COMSTOCK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed July 15, 2016. Sentence vacated and remanded with directions.

*Reid T. Nelson*, of Capital and Conflicts Appeals Office, for appellant.

*Jodi Litfin,* assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*: Richard L. Comstock appeals the denial of his motion to correct an illegal sentence, relying upon *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), to argue the district court improperly scored his 1987 Kansas burglary conviction and 1994 Missouri burglary conviction as person felonies. Comstock also argues *State v. Dickey*, 301 Kan. 1018,

1

1035, 350 P.3d 1054 (2015), applies to determine his criminal history score and because the district court did not perform an analysis under *Dickey* to determine whether those burglary convictions were person or nonperson felonies, we must vacate Comstock's sentence and remand for resentencing.

FACTS

Comstock's appeal involves three district court cases for which he was sentenced on the same date. Comstock pled no contest to one count of felony theft and one count of battery against a law enforcement officer in case number 10CR1552. Comstock pled no contest to one count of felony theft in case number 10CR1654. The two cases were combined for sentencing. Prior to sentencing, Comstock filed an objection to his criminal history challenging all of the listed convictions from Sedgwick County, as well as a 1994 burglary conviction from Missouri.

Originally set for January 28, 2011, the State sought a continuance of the sentencing hearing based on Comstock's objection to his criminal history. The State requested Comstock to specifically identify his objections to his criminal history. Upon granting the continuance, the district court ordered pleadings be filed regarding any "underlying substantive issues such as how the conviction should be interpreted, is it a person felony, is it a nonperson felony," and with specific arguments about any "fact of conviction contested and substance of any convictions."

Sentencing was continued to March 18, 2011, at which time Comstock also entered a plea of no contest to one count of burglary to a building not used as a dwelling, in case number 11CR18. Comstock waived his right to have a new presentence investigation report prepared after entering his plea. Prior to being sentenced, the parties discussed Comstock's objection to his criminal history score. Comstock's counsel stated:

2

"I had filed an objection to criminal history. There are some things that, I believe the State will agree, the State was able to look up a charge out of Missouri, which is a bit of an unusual charge. It says burglary to an inhabitable building. It is a broader statute in Missouri than it is here in Kansas. It can mean meetinghouse, it can mean a building used as a business, it can mean a community center, it can mean a school. So it goes past the building used as a dwelling. They were able to prove it was a trailer house and I believe that would be sufficient for a building used as a dwelling here in Kansas, a trailer home, so that journal entry came to me yesterday, Your Honor.

"I would agree that Mr. Comstock's criminal history is 'A' based on that felony, as well as two other person felonies that happened years ago."

Comstock was never asked whether he agreed with his criminal history score or any of the underlying facts relating to his previous convictions. The district court sentenced Comstock consecutively in all three cases receiving a sentence of 17 months' imprisonment in case number 10CR1552; 16 months' imprisonment in case number 10CR1654; and 32 months' imprisonment in case number 11CR18—a total sentence of 65 months' imprisonment.

Comstock subsequently filed a motion to correct an illegal sentence on June 18, 2014, arguing his 1987 Kansas burglary conviction and his 1994 Missouri burglary conviction should be reclassified as nonperson felonies under *Murdock*. The district court denied Comstock's motion on December 30, 2014. Comstock appeals.

ANALYSIS

Murdock *does not apply.*

Comstock's initial argument is the district court erred in classifying his prior burglary convictions as person felonies in violation of *Murdock*, 299 Kan. 312. Comstock acknowledges *Murdock* was explicitly overruled by our Supreme Court in *Keel*, 302 Kan.

560. Nevertheless, he "raises the issue to preserve it for review, arguing that the reasoning in *Murdock* was correct, and should not have been overruled."

This court is bound to follow Kansas Supreme Court precedent absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015). Accordingly, *Murdock* cannot be applied to the claims Comstock raises on appeal since it was explicitly overruled by *Keel*. The district court, therefore, did not err in finding *Murdock* does not apply to Comstock's prior burglary convictions.

*Did the district court properly score Comstock's 1994 Missouri burglary conviction and 1987 Kansas burglary conviction?*

*Standard of Review*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. An illegal sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. A defendant may challenge a sentence even after failing to challenge the sentence on direct appeal. See *State v. Williams*, 298 Kan. 1075, 1077, 319 P.3d 528 (2014). Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. *Dickey*, 301 Kan. at 1034.

*Discussion*

Comstock asserts the district court erred in scoring both his 1987 Kansas burglary conviction and his 1994 Missouri burglary conviction as person felonies. Comstock argues our Supreme Court's holding in *Dickey* requires his prior burglary convictions be reclassified as nonperson offenses for purposes of calculating his criminal history. Based on the record before us, it appears the district court erred in scoring his prior burglaries as person felonies. Whether Comstock's prior burglary convictions should be properly scored as person or nonperson offenses requires remand to the district court for additional findings in accordance with *Dickey*, 301 Kan. at 1039-40.

The State argues the doctrine of invited error bars Comstock's claim on appeal. The State asserts Comstock stipulated to the underlying factual basis for his Missouri conviction and is therefore barred from challenging the district court's finding. The State's argument is erroneous.

According to the documents provided by the State at the sentencing hearing (and not included in the record on appeal), Comstock's counsel acknowledged the Missouri burglary involved a "trailer house" but did not acknowledge the trailer house was being used as a dwelling. In order to affirm the district court, we would either need to find defense counsel implicitly stipulated the trailer house was being used as a dwelling or find as a matter of law that trailer houses are dwellings in all circumstances. We cannot do so on the face of the record, nor can we do so as a matter of law. See K.S.A. 2010 Supp. 21-3715(b) (burglary of a mobile home which is not a dwelling is a nonperson felony). Comstock's challenge to the person felony classification of two of his prior convictions on appeal is not barred by the doctrine of invited error.

5

*Comstock's 1987 Burglary Conviction*

The State argues Comstock is barred from contesting whether his 1987 Kansas burglary conviction was improperly scored as a person felony based on a lack of objection at sentencing. The State's argument is erroneous. A claim of illegal sentence may be raised for the first time on appeal. *Dickey*, 301 Kan. at 1034. The legal effect of a prior conviction is not subject to stipulation. *State v. Weber*, 297 Kan. 805, 814, 304 P.3d 1262 (2013). Since the issue of whether Comstock's 1987 Kansas burglary conviction should be scored as a person or nonperson felony is a question of its legal effect, Comstock's claim is not barred despite his failure to object at sentencing. See *Dickey*, 301 Kan. at 1029-33.

Dickey *Applies*

The State further argues Comstock is not entitled to the application of *Dickey* on appeal and *Dickey* should not be retroactively applied to any case that has become final. The State's argument is without merit.

This court addressed a similar argument and held the doctrine of res judicata does not apply to a claim of illegal sentence: "[I]nterpreting the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive that courts may correct an illegal sentence at any time under K.S.A. 22-3504(1)." *State v. Martin*, 52 Kan. App. 2d 474, 481, 369 P.3d 959 (2016), *petition for rev. filed* May 5, 2016; see *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011).

*Dickey* concerned a claim of an illegal sentence. A court may correct an illegal sentence at any time. K.S.A. 22-3504(1); *Dickey*, 301 Kan. at 1027, 1034; *Neal*, 292 Kan.

at 631; *Martin*, 52 Kan. App. 2d at 481. *Dickey* applies to Comstock's arguments on appeal.

Comstock argues the district court erred in scoring his 1987 Kansas burglary conviction as a person offense and further asserts the Kansas burglary statute in effect at the time of his 1987 conviction, K.S.A. 21-3715 (Ensley 1981), does not contain the same elements as the Kansas burglary statute in effect at time of his current crimes of conviction, K.S.A. 2010 Supp. 21-3715. Comstock asserts his 1987 Kansas burglary conviction must be scored as a nonperson offense.

In *Dickey*, our Supreme Court held that in order to determine whether an in-state conviction prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA) should be scored as a person or nonperson offense, the sentencing court must first look at the statute forming the basis of the prior conviction. 301 Kan. at 1037-40 (citing *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 2281-82, 186 L. Ed. 2d 438 [2013]). The sentencing court must then compare the elements of the statute of prior conviction with the elements of the corresponding statute in effect at the time of the defendant's current crime of conviction. *Dickey*, 301 Kan. at 1037-39.

The sentencing court then determines whether the statute of the prior conviction contains a single set of elements or if it is divisible. *Dickey*, 301 Kan. at 1037. If the statute of prior conviction is not divisible, the sentencing court may not look beyond the elements of the statute in determining the nature of the offense. If the statute is divisible, the sentencing court must determine if any of the alternative versions of the crime require the same elements as those of the corresponding statute in effect at the time of the current crime of conviction. If at least one of the alternative versions of the prior offense matches the elements of the corresponding statute in effect at the time of the current crime of conviction, the sentencing court may engage in limited factfinding to determine the nature of the offense. The sentencing court may look at a limited class of documents

including charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. *Dickey*, 301 Kan. at 1037-38.

Comstock was not sentenced using this analysis by the district court. We therefore vacate his sentence and remand for resentencing using the *Dickey* analysis to determine whether his 1987 Kansas burglary conviction should be scored as a person or nonperson felony.

*Comstock's 1994 Missouri Burglary Conviction*

Comstock asserts his 1994 Missouri burglary conviction, when applying the Missouri statute under which he was convicted, is broader than the applicable Kansas statute in effect at the time of his current crimes of conviction and therefore his Missouri conviction must be scored as a nonperson offense.

The *Dickey* analysis also applies in determining the nature of a prior out-of-state conviction. In *Keel*, our Supreme Court held all out-of-state convictions, regardless of whether they occurred prior to the enactment of the KSGA, must be classified as person or nonperson offenses in accordance with the corresponding post-KSGA statute in effect at the time of the current crime of conviction. If no comparable post-KSGA statute exists, the out-of-state conviction must be classified as a nonperson offense. 302 Kan. at 580-81. The *Dickey* analysis applies in comparing the elements of the prior out-of-state conviction with the applicable post-KSGA statute to determine the nature of the prior offense. See 301 Kan. at 1036-39 (explaining the constitutional limits of a sentencing court's factual findings in determining the nature of a prior conviction under *Descamps* and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 [2000]).

We recognize other panels of this court have recently addressed the issue of out-of-state burglary convictions and how those comparable crimes should be scored for criminal history purposes. See *State v. Moore*, 52 Kan. App. 2d __, Syl. ¶ 5, 2016 WL 3548863 (No. 113,545, filed June 24, 2016) (that crimes need to be only comparable not identical); *State v. Buell*, 52 Kan. App. 2d __, Syl. ¶ 9, 2016 WL 3548925 (No. 113,881, filed June 24, 2016) (the element of intent is irrelevant to the determination of whether an out-of-state burglary conviction or adjudication should be properly classified as a person or nonperson felony).

At this point, we are not concerned with whether the crime was comparable or what the intent was in committing the crime. We are concerned with whether the 1994 Missouri burglary conviction involved a dwelling and whether the district court properly applied the analysis now required by *Dickey*. At Comstock's sentencing, his attorney only agreed the Missouri burglary involved a trailer house. As discussed above, there was no formal stipulation that Comstock's Missouri burglary involved a dwelling.

At the time of Comstock's sentencing, the district court did not have the benefit of *Dickey* when considering how to determine Comstock's criminal history score. Thus, we must remand for the district court to determine under *Dickey* whether Comstock's 1987 Kansas burglary conviction and his 1994 Missouri burglary conviction reflect person or nonperson convictions in establishing his criminal history score. We therefore vacate Comstock's sentence and remand for resentencing.

Sentence vacated and remanded for resentencing.

9