NOT DESIGNATED FOR PUBLICATION

No. 118,213

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WESLEY W. ZIEGLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Doniphan District Court; JAMES A. PATTON, judge. Opinion filed September 21, 2018. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Charles D. Baskins*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Wesley W. Ziegler argues his 2004 sentence for kidnapping and aggravated robbery is illegal because the district court incorrectly classified two of his prior convictions as person crimes when calculating his criminal history score. Specifically, Ziegler claims his second-degree robbery conviction from Missouri should have been counted as a nonperson crime. But Missouri's second-degree robbery statute is narrower than the Kansas robbery statute, so under the identical or narrower test from *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018), Kansas' robbery statute is comparable to Missouri's second-degree robbery statute. Thus, the district court properly classified Ziegler's Missouri crime as a person felony. Ziegler also claims the district

1

court incorrectly classified as a person crime his Nebraska conviction for assault by a confined person. But Nebraska's statute criminalizing assault by a confined person is narrower than the Kansas' battery statute, so again, under the *Wetrich* test, the two crimes are comparable. For these reasons, we affirm.

FACTS

Ziegler pled no contest to one count of aggravated robbery and one count of kidnapping—both severity level 3 person felonies that he committed while robbing a bank in 2003. Ziegler's presentence investigation (PSI) report reflected five prior convictions. Relevant here is a 1991 Nebraska conviction for assault by a confined person and a 2003 Missouri conviction for second-degree robbery. The PSI report classified both of these prior crimes as person felonies. Based on his criminal history and the severity level of his crimes, the district court sentenced Ziegler to a total of 261 months in prison—206 months in prison for aggravated robbery and 55 months for kidnapping, which the court ordered to run consecutively. Ziegler did not file a direct appeal.

In 2008, Ziegler filed a motion to withdraw his pleas under K.S.A. 22-3210(d). In support of his motion, Ziegler claimed he was deprived of both the constitutional right to procedural due process and effective assistance of counsel. Ziegler asked the district court for a "full evidentiary hearing" and a new lawyer to represent him during the plea-withdrawal proceedings. The court appointed a new attorney for Ziegler and held a hearing as requested. The court ultimately denied Ziegler's motion to withdraw his pleas, and Ziegler appealed.

In 2010—while his appeal was pending—Ziegler filed another motion to withdraw his pleas, also under K.S.A. 22-3210(d). The district court summarily denied that motion without an evidentiary hearing "based on the clear record."

2

In 2011, a panel of this court affirmed the district court's decision to deny his 2008 motion to withdraw his pleas. *State v. Ziegler*, No. 101,627, 2011 WL 3558272 (Kan. App. 2011) (unpublished opinion).

In 2016, Ziegler filed a motion for relief under K.S.A. 60-1507, claiming that he was "being held in custody unlawfully" because his PSI report was inaccurate. In support of his claim, Ziegler argued the district court erroneously classified his 1991 Nebraska assault conviction as a person felony, which resulted in the court incorrectly calculating Ziegler's criminal history score as B, instead of C.

Ziegler later amended his motion to add a challenge to the district court's classification of his Missouri robbery conviction. Unlike his original motion, which he presented as a K.S.A. 60-1507 habeas motion, Ziegler's amended motion was titled "Amended Motion for Correction of Illegal Sentence." In this amended motion, Ziegler claimed the PSI report improperly classified his Missouri conviction as a person felony. In support of his claim, Ziegler argued that he actually was convicted of *attempted* second-degree robbery, which "was non-violent and involved no contact with the victim," so that conviction should have been classified as a nonperson felony instead.

The district court held a hearing on Ziegler's motion, characterizing it as a hearing on a motion to correct an illegal sentence under K.S.A. 22-3504. At the hearing, Ziegler argued that his Missouri conviction was improperly classified as a person felony because Kansas did not have a statute comparable to the Missouri crime under which he was convicted. In the alternative, Ziegler claimed that his Missouri crime was only an attempted robbery and should be classified as a nonperson felony because he did not have any contact with the victim. The district court disagreed, finding that the elements from the Missouri statute and the most comparable Kansas statute were consistent, and Ziegler's criminal history score was accurate. Neither Ziegler nor the State addressed

3

Ziegler's initial K.S.A. 60-1507 claim that the classification of his Nebraska conviction as a person felony was improper.

ANALYSIS

On appeal, Ziegler challenges the district court's decision to deny his motion to correct an illegal sentence. Specifically, Ziegler claims the sentencing court erred in classifying as person felonies his out of state convictions for second-degree robbery and assault by a confined person. Ziegler argues that if the court had properly classified these convictions as nonperson felonies, his criminal history score would have dropped from B (based on two person felonies) to E (based on three or more nonperson felonies). The sentence, then, would have dropped from 206 months in prison to the presumptive range of 82 to 92 months in prison—a difference of about 10 years. See K.S.A. 21-4704(a).

Under K.S.A. 2017 Supp. 22-3504(1), "[t]he court may correct an illegal sentence at any time." Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Martin*, 52 Kan. App. 2d 474, Syl. ¶ 1, 369 P.3d 959 (2016), *rev. denied* 305 Kan. 1256 (2017).

A sentence is illegal if: (1) the sentencing court did not have jurisdiction; (2) the sentence "does not conform to the applicable statutory provision, either in character or punishment"; or (3) the sentence "is ambiguous with respect to the time and manner in which it is to be served." K.S.A. 2017 Supp. 22-3504(3). Ziegler says his sentence is illegal under the second factor because the district court failed to adhere to the Kansas sentencing statutes when it classified his Missouri robbery conviction and his Nebraska assault conviction as person crimes.

When calculating an offender's criminal history score, the district court considers all felony convictions and adjudications and certain misdemeanor convictions and

4

adjudications—regardless of whether the conviction is from Kansas or another jurisdiction—that occurred before sentencing for the current crimes. K.S.A. 21-4710(a) (Furse 1995); *Wetrich*, 307 Kan. at 556. If, however, an offender's criminal history includes out-of-state convictions, the court should classify those convictions according to the amended guidelines from K.S.A. 2017 Supp. 21-6811:

"(e)(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

(2) An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction:

(A) If a crime is a felony in another state, it will be counted as a felony in Kansas.

(B) If a crime is a misdemeanor in another state, the state of Kansas shall refer to the comparable offense in order to classify the out-of-state crime as a class A, B or C misdemeanor. If the comparable misdemeanor crime in the state of Kansas is a felony, the out-of-state crime shall be classified as a class A misdemeanor. If the state of Kansas does not have a comparable crime, the out-of-state crime shall not be used in classifying the offender's criminal history.

(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense . . . , the out-of-state conviction shall be classified as a nonperson crime."

In *Wetrich*, our Supreme Court explained how to decide whether an out-of-state crime and a Kansas crime are comparable:

"For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the [comparable] Kansas crime." 307 Kan. at 562.

5

Although the Legislature amended the sentencing guidelines and the Supreme Court decided *Wetrich* years after the court sentenced Ziegler in this case, the Legislature's instructions and the Supreme Court's interpretation still apply in this case. See *Wetrich*, 307 Kan. at 553-54 (applying amended sentencing guidelines when offender committed crimes in 2009).

1. *Prior Missouri conviction for second-degree robbery*

In 2003, Ziegler was convicted of robbery in the second degree, a felony, under Mo. Rev. Stat. § 569.030 (2000). A person commits second-degree robbery when he "forcibly steals" property, meaning

> "when, in the course of stealing, as defined in [Mo. Rev. Stat. §] 570.030 . . . he uses or threatens the immediate use of physical force upon another person for the purpose of:
> "(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
> "(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft." Mo. Rev. Stat. § 569.010(1) (2000).

Under Mo. Rev. Stat. § 570.030(1) (2000), "[a] person commits the offense of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." When Ziegler committed the current crimes of conviction in 2003, the most comparable offense under Kansas' criminal code was robbery—a person felony—under K.S.A. 21-3426 (Furse 1995). That statute defined robbery as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426 (Furse 1995).

6

A side-by-side comparison of these statutes shows the requirements for second-degree robbery in Missouri are more specific than those for robbery in Kansas.

| Mo. Rev. Stat. § 569.030 (second-degree robbery) | K.S.A. 21-3426 (Furse 1995) (robbery) K.S.A. 21-3110(16) (definitions) |
|---|---|
| "Forcibly stealing" by using or threatening to use the immediate use of physical force upon another person with the purpose of<br><br>(a) Preventing or overcoming resistance to the taking of the property or to retain the property after taking it, or<br><br>(b) Compelling either the owner of the property or another person to deliver up the property or engage in other conduct which aids in the commission of theft.<br><br>The crime of "stealing" happens when a person "appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Mo. Rev. Stat. § 570.030(1). | Taking property or anything of value, tangible or intangible, from the person or presence of another by force or by threat of bodily harm. |

The Missouri statute requires an offender to forcibly steal property from another person with the *specific purpose* of depriving that person of their property. See Mo. Rev. Stat. §§ 569.010, 569.030, 570.030. In contrast, Kansas' robbery statute "requires only a forcible taking"—"[t]here is no requirement of specific intent, and there is no requirement that the taking be the motivation for the crime as opposed to an incident of the crime." *State v. Edwards*, 299 Kan. 1008, 1014-15, 327 P.3d 469 (2014). Indeed, when looking at whether a robbery happened in Kansas, the only two things that matter are whether (1) the offender used force or threatened to use force (2) to take property or anything of value, tangible or intangible, from another person. See 299 Kan. at 1013. Although those

7

two elements also are required for second-degree robbery in Missouri, Missouri also requires the specific intent of depriving the victim of their property. The robbery statute in Kansas does not require an additional intent element, so its elements are broader than the elements of Missouri's offense. Conversely, Missouri's second-degree robbery elements are narrower than Kansas' robbery elements, making the two crimes comparable under *Wetrich*. Since robbery under K.S.A. 21-3426 is a person crime, the district court did not err by affirming the sentencing court's classification of Ziegler's Missouri conviction for second-degree robbery as a person crime.

2. *Prior Nebraska conviction for assault by a confined person*

Ziegler was convicted in 1991 of "assault by a confined person," the elements of which are found in Neb. Rev. Stat. § 28-932 (1989):

"(1) Any person who is legally confined in a jail or correctional or penal institution and intentionally, knowingly, or recklessly causes bodily injury to another person shall be guilty of a Class IV felony, except that if a deadly or dangerous weapon is used to commit such assault he or she shall be guilty of a Class III felony."

Because the crime is a felony in Nebraska, we count it as a felony in Kansas. See K.S.A. 2017 Supp. 21-6811(e)(2) (court shall classify out-of-state crime as either felony or misdemeanor according to convicting jurisdiction; if crime is felony in another state, it will be counted as felony in Kansas).

In 2003, when Ziegler committed his current crimes of conviction, the most comparable offenses in Kansas were battery and aggravated battery. Relevant here, battery and aggravated battery were defined as follows:

8

- Battery is intentionally or recklessly causing bodily harm to another person. K.S.A. 2003 Supp. 21-3412(a)(1).

- Aggravated battery is intentionally or recklessly causing bodily harm to another person with a deadly weapon. K.S.A. 21-3414(a)(1)(B) and (2)(B).

We cannot discern from the plain language of the Nebraska statute whether Ziegler committed the crime of assault by a confined person with a deadly or dangerous weapon. But regardless of whether a deadly or dangerous weapon was used when Ziegler committed the assault in Nebraska, the comparable Kansas statute is a person crime under *Wetrich*. See K.S.A. 21-3412(b) (designating battery as person crime); K.S.A. 21-3414(b) (designating aggravated battery as person crime). We readily acknowledge that the Nebraska statute requires the offender to be legally confined in a jail or correctional or penal institution at the time the battery or aggravated battery was committed and that such a requirement is not an element of either battery or aggravated battery in Kansas. But this means that the elements of the Nebraska statute are narrower than the elements necessary to prove battery and aggravated battery in Kansas.

Since both battery and aggravated battery are person crimes and the elements of the Nebraska statute are narrower than the elements necessary to prove battery and aggravated battery in Kansas, the district court did not err by affirming the sentencing court's classification of Ziegler's Nebraska conviction for assault by a confined person as a person crime.

Affirmed.

9