NOT DESIGNATED FOR PUBLICATION

No. 122,364

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY WARUI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 5, 2021. Sentence vacated and case remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL and HURST, JJ.

PER CURIAM: Timothy Warui appeals his sentence as illegal because it stems from an erroneous criminal history score calculation. He contends the district court misclassified a prior out-of-state conviction as a person felony resulting in an inaccurate criminal history score for sentencing his current criminal conviction. Warui is no stranger to this argument and analysis, having previously prevailed on the same issue for a different out-of-state criminal conviction. Contrary to the State's argument, Warui's failure to conserve judicial resources by bringing these actions separately does not defeat

1

or undermine his argument. Much as before, Warui's sentence is based, at least in part, on a miscalculation of his criminal history score and his sentence must be vacated and this case remanded with instructions to recalculate his criminal history score.

FACTUAL AND PROCEDURAL BACKGROUND

The facts and circumstances of Warui's current criminal convictions are mostly irrelevant to his present appeal and are largely omitted. Warui pled guilty to felony aggravated battery and felony aggravated intimidation of a witness related to his actions on March 28, 2018. The first presentence investigation (PSI) report concluded he had a criminal history score of A. Warui agreed his criminal history score was A, as did the State. In August 2018, the district court sentenced Warui to 43 months' imprisonment for aggravated intimidation of a witness or victim and 12 months' imprisonment for aggravated battery to run consecutively for a controlling term of 55 months' imprisonment.

In 2018, Warui appealed his sentence for the first time arguing the district court erred in classifying his 2012 Florida robbery conviction as a person felony. Warui did not appeal the district court's classification of his 2012 Florida battery conviction as a person felony at that time. A panel of this court agreed with Warui and vacated his sentence and remanded for recalculation of his criminal history score. *State v. Warui*, No. 120,088, 2019 WL 4892084, at *4 (Kan. App. 2019) (unpublished opinion).

After recalculation on remand, the PSI report reflected Warui had a criminal history score of B. Warui's new criminal history score was still based, in part, on his 2012 Florida conviction for felony battery under Fla. Stat. § 784.03(2). Warui agreed to his criminal history score as B. The district court resentenced Warui to 51 months' imprisonment, 4 fewer months than his prior sentence. In both instances, the district court

2

sentenced Warui within the mid-sentence range of the presumptive sentencing range for both convictions. Warui now appeals his recalculated sentence.

## DISCUSSION

Warui argues his current sentence is illegal because it is based, in part, on a PSI report that erroneously classified his 2012 Florida battery conviction as a person felony. Warui did not object to the person classification at his sentencing, in his previous appeal, or at his resentencing. He also agreed to the accuracy of the criminal convictions on his PSI report. The State asks this court to disregard Warui's claim because he did not object to the classification at his sentencing or in his previous appeal. Specifically, the State argues that the doctrine of res judicata prevents Warui's present claim because he previously appealed his illegal sentence and did not allege the illegality of the 2012 Florida battery conviction classification as a person felony.

*Res judicata does not preclude Warui's claim.*

The State's lengthy argument that either this court has inconsistently applied res judicata to appeals alleging illegal sentences or that public policy requires litigants to resolve their claims in the least possible appeals are both without merit. A panel of this court and the Kansas Supreme Court have rejected similar arguments. See, e.g., *State v. Hayes*, 312 Kan. 865, Syl. ¶ 1, 481 P.3d 1205 (2021) ("The plain language of K.S.A. 22-3504, which allows an illegal sentence to be corrected at any time, operates as a legislative override of a traditional principles of waiver, abandonment, and res judicata."); *State v. Martin*, 52 Kan. App. 2d 474, 481, 369 P.3d 959 (2016) (distinguishing cases in which this court has applied res judicata to illegal sentence claims from those like Warui's claims).

3

This court applies res judicata when the "motions to correct an illegal sentence involve claims that previously were resolved on the merits or claims that would not render a sentence illegal, even if true." *Martin*, 52 Kan. App. 2d at 481. That is not the case here. This court has never addressed Warui's claim that his 2012 Florida battery conviction should not be classified as a person offense. While Warui could have brought this claim with his prior appeal—res judicata does not require it. See *Hayes*, 312 Kan. at 867 (A defendant's "failure to raise an issue in the first [motion to correct an illegal sentence] is not a bar to appellate review."); *Martin*, 52 Kan. App. 2d at 481 (explaining that this court has not applied res judicata to bar claims that, if true, would render a sentence illegal if those claims have not been previously decided on the merits).

*Defendants cannot agree to an illegal sentence.*

An illegal sentence is any sentence "that does not conform to the applicable statutory provision, either in character or punishment." K.S.A. 2020 Supp. 22-3504(c)(1). Illegal sentences include those calculated using an erroneous criminal history score, as Warui alleges occurred here. See *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) (*Dickey II*); *State v. Hankins*, 304 Kan. 226, 230-31, 372 P.3d 1124 (2016). The State carries the burden to prove a sentence is legal, including the proper classification of any criminal history. See *State v. Ewing*, 310 Kan. 348, 359, 446 P.3d 463 (2019) ("[T]he State's burden is to establish that the defendant committed a version of the offense supporting the person classification.").

Warui's admission to his criminal history score is not relevant to determining whether his sentence is illegal. See *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015) (*Dickey I*). It is the court's responsibility, not the defendant's, to accurately apply the law to the facts. A defendant's stipulation or failure to object to how his prior convictions "should be classified or counted as a matter of law for purpose of

4

determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions." *Dickey I*, 301 Kan. at 1032. This court exercises unlimited review over the classification of a prior conviction as a person or nonperson offense and "may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 2020 Supp. 22-3504(a); see *Dickey II*, 305 Kan. at 220.

Under the Kansas Sentencing Guidelines Act (KSGA), the district court determines a criminal sentence by calculating the defendant's prior criminal history score and identifying the severity level of the crime being sentenced. K.S.A. 2020 Supp. 21-6804(c). The severity level of the prior criminal history, including whether those crimes are classified as person or nonperson offenses, impacts the prior criminal history score. K.S.A. 2020 Supp. 21-6809; *State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). At the time of Warui's conviction, the State classified out-of-state convictions as person or nonperson offenses by referring to "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2017 Supp. 21-6811(e)(3).

To compare an out-of-state conviction "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018). Although the Kansas Legislature "legislatively overrule[d] *Wetrich*" with the 2019 amendments, *Wetrich* still applies here because Warui was originally sentenced before the 2019 amendment. See *State v. Baker*, 58 Kan. App. 2d 735, 741, 475 P.3d 24 (2020) (explaining how the 2019 amendment to K.S.A. 21-6811(e)(3) created a new methodology for analyzing out-of-state convictions); see also *State v. Murdock*, 309 Kan 585, 592, 439 P.3d 307 (2019) ("the legality of a sentence is controlled by the law in effect at the time the sentence was pronounced"). Applying the standard from *Wetrich*, the Florida battery statute underlying Warui's conviction must be "identical to, or

narrower than, the elements of the Kansas crime" to which it is compared on the date Warui committed the crimes underlying his current sentence. See *Wetrich*, 307 Kan. at 562.

*The Florida battery statute is not comparable or narrower than the Kansas battery statute.*

The Florida battery statute supporting Warui's 2012 conviction provided that "[t]he offense of battery occurs when a person:  1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a). The battery was a felony when committed by "[a] person who has one prior conviction for battery, aggravated battery, or felony battery . . . ." Fla. Stat. § 784.03(2). In March 2018, Kansas battery was classified as a person crime and defined as:  "(1) Knowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2017 Supp. 21-5413(a), (g). The Kansas Supreme Court has previously determined that the Florida battery statute is not comparable or narrower than the Kansas battery statute. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). Notably, the State chose not to address *Wetrich* or otherwise argue that Warui's 2012 Florida battery conviction was properly classified as a person offense—but relied solely on res judicata, policy considerations, and burden shifting arguments. The State also tried to distinguish the remarkably similar *Obregon* case. This court, finding no reason or cause to distinguish this case from *Obregon*, and being bound by the Kansas Supreme Court's precedent, follows its holding.

The State attempts to distinguish *Obregon* by claiming that Warui "admitted his criminal history in open court, twice" unlike Obregon, who merely *did not object* to his criminal history and "[t]here was no indication that Obregon agreed to, i.e. admitted his criminal history score in open court." The State's alleged distinction is one without a

6

difference. First, the State provides no legal support for the contention that the court's use of the phrase *did not object to his criminal history* is materially different from language that a defendant *admitted to the criminal history*. Second, as explained in many cases, a defendant cannot agree to an illegal sentence. Whether such agreement is through an *admission* or a *nonobjection*, both are impermissible. See, e.g., *Obregon*, 309 Kan. at 1275 ("it is the State's burden to prove by a preponderance of the evidence that a defendant committed a crime for which classification is appropriate"); *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018) (an illegal sentence may be corrected at any time); *Dickey I*, 301 Kan. at 1032 (explaining the difference between a defendant agreeing to the existence of convictions as opposed to agreeing to the legal effect of those convictions); *State v. Weber*, 297 Kan. 805, Syl. ¶ 7, 304 P.3d 1262 (2013) ("Criminal defendants cannot agree to be punished by an illegal sentence.").

The *Obregon* court found that the Kansas and Florida battery statutes required a comparable intent, but that the physical acts required for conviction in Florida were not comparable or narrower conduct than those required in Kansas. 309 Kan. at 1272. Florida's battery statute contains alternative means for conviction, by either "[i]ntentionally caus[ing] bodily harm to another person" or by "[a]ctually and intentionally touch[ing] or strik[ing] another person against the will of the other." Fla. Stat. § 784.03(1)(a). The portion of the Florida statute requiring "[i]ntentionally caus[ing] bodily harm to another person" would be comparable to committing a battery in Kansas by "[k]nowingly or recklessly causing bodily harm to another person." Fla. Stat. § 784.03(1)(a)(1); K.S.A. 2017 Supp. 21-5413(a)(1). However, the alternative means of conviction in Florida by "[a]ctually and intentionally touch[ing] or strik[ing] another person against the will of the other" is not comparable to committing a battery in Kansas by "knowingly causing physical contact with another person . . . in a rude, insulting or angry manner." Fla. Stat. § 784.03(1)(a)(2); K.S.A. 2017 Supp. 21-5413(a)(2).

The court explained that "[i]n Florida, whether a touching amounts to battery turns on the victim's will. . . . But in Kansas, whether a touching amounts to battery turns on the manner in which it is done." *Obregon*, 309 Kan. at 1273. The court agreed with Obregon that a touching committed "against a person's will is not necessarily a touching done in a 'rude, insulting or angry manner.'" 309 Kan. at 1273. The Kansas Supreme Court has found that the Florida battery statute at issue contains provisions and alternative means that are not comparable to or narrower than the Kansas statute. Accordingly, this court is required to determine whether the State "established that the defendant committed a version of the offense supporting the person classification." *Obregon*, 309 Kan. at 1275.

The PSI report to which Warui *admitted* simply states he was convicted under Fla. Stat. § 784.03(2), which states that the crime is a felony if the defendant had a prior battery, aggravated battery, or felony battery conviction. The PSI report did not state which provision of the Florida statute supported Warui's battery conviction. The PSI report lacked any evidence that Warui's Florida conviction was comparable to or narrower than a conviction under the Kansas statute. More than a PSI summary is "required when the summary does not indicate which version of the out-of-state offense the defendant committed." *Obregon*, 309 Kan. at 1275. Contrary to the State's argument, Warui did not, and cannot, admit he was convicted of a person offense simply by agreeing that the PSI report accurately stated his prior convictions. See, e.g., *Lehman*, 308 Kan. at 1093 ("[W]e do not allow the parties to agree upon or stipulate to an illegal sentence."). "An illegal sentence may be corrected regardless of whether one or more parties may have had a hand in arriving at the illegality." 308 Kan. at 1093. Warui's acceptance of the erroneous PSI report does not preclude his claim.

CONCLUSION

As in *Obregon*, there is no evidence that Warui's 2012 Florida battery conviction should be classified as a person offense and his sentence must be vacated. On remand, the State bears the burden of proving Warui's 2012 Florida battery conviction is comparable to the Kansas person offense.

Sentence vacated and case remanded with directions.