NOT DESIGNATED FOR PUBLICATION

No. 114,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

VINCENT VILLA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed August 26, 2016. Sentence vacated and case remanded with directions.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*:  In a bench trial, the Sedgwick County District Court convicted Vincent Villa of one count each of burglary, theft, and attempted theft. Villa's presentence investigation (PSI) report calculated a criminal history score of "A" based on three prior convictions classified as person felonies. Villa filed a motion to correct an illegal sentence claiming the district court erred in classifying these three convictions as person offenses. All three felonies preceded the enactment of the Kansas Sentencing Guidelines Act (KSGA). The district court summarily denied the motion. Villa appeals,

1

claiming that under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), the district court's summary denial of his motion was error.

## FACTS AND PROCEDURAL BACKGROUND

On October 5, 2010, the State charged Villa with one count of burglary, one count of misdemeanor theft, and one count of attempted misdemeanor theft. After a bench trial on April 11, 2011, the district court found Villa guilty on all three counts. The PSI report provided to the district court concluded that Villa fell into criminal history category "A" based on three prior in-state person felonies: (1) a 1974 first-degree murder conviction; (2) a 1974 aggravated robbery conviction; and (3) a 1992 burglary conviction. On May 25, 2011, the court granted Villa a downward durational departure and sentenced him to a total of 18 months in prison.

In 2014, Villa filed motions to correct an illegal sentence based on *Murdock* and the decision by a panel of this court in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). He argued the district court should have classified his prior convictions as nonperson felonies rather than person felonies.

The district court denied Villa's motions without a hearing, concluding that Villa had waived the issues raised in his motions and the motions were an attempt to collaterally attack his sentence. The court refused to apply the holding in *Murdock* retroactively. Villa appeals.

*Standard of Review*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which this court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). A sentence is illegal if: (1) a court imposes it without jurisdiction; (2) it does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. 299 Kan. at 8. Whether a prior conviction should be classified as a person or nonperson offense is also a question of law subject to unlimited review. *Keel*, 302 Kan. at 571.

*Discussion*

In his brief, Villa argues that pursuant to *Murdock*, all three of his pre-KSGA Kansas convictions should be classified as nonperson offenses. At the time Villa filed his brief, the Kansas Supreme Court had issued its decision in *Keel*, which overruled *Murdock*. Villa acknowledged that fact but argued *Keel* was not final because the mandate had been stayed pending the filing of a writ of certiorari to the United States Supreme Court. The Supreme Court has since denied the petition for certiorari, making unnecessary any further consideration of the arguments based in *Murdock*.

In *Keel*, the court concluded that the legislature intended for all prior convictions to be considered and scored to determine an offender's criminal history category, including those that pre-dated implementation of the KSGA in 1993. Convictions preceding the KSGA must receive a person/nonperson classification based on a comparison of the statute from which the conviction arose to the comparable post-KSGA statute. That comparable post-KSGA statute is the one in effect at the time the defendant committed the current crime of conviction. *Keel,* 302 Kan. at 581.

3

Villa committed the current crimes of conviction in 2010, when both first-degree murder and aggravated robbery were classified as person felonies. See K.S.A. 21-3401 ("Murder in the first degree is an off-grid person felony."); K.S.A. 21-3427 ("Aggravated robbery is a severity level 3, person felony."). Applying the analysis from *Keel*, the district court's classification of both of these prior convictions was correct.

*Villa's 1992 burglary conviction*

Villa also claims his 1992 burglary conviction should not have been scored as a person felony. The State argues Villa's claim should fail on three procedural grounds: (1) a motion to correct an illegal sentence is an improper procedural vehicle for this challenge; (2) this argument is barred by res judicata since Villa could have raised this issue on direct appeal but failed to do so; and (3) *Dickey* should not apply retroactively.

*Motion to correct illegal sentence*

The State first points to *State v. Warrior*, 303 Kan. 1008, 368 P.3d 1111 (2016), to support its argument that a motion to correct illegal sentence is not the proper vehicle for a constitutional challenge, which is how it characterizes Villa's motion. Warrior filed a motion to correct illegal sentence that was rejected by our Supreme Court, which held that a motion to correct illegal sentence "does not cover a claim that a sentence violates a constitutional provision." 303 Kan. at 1010. Warrior's claim was based on a Sixth Amendment case, the United States Supreme Court decision in *Alleyne v. United States*, 570 U.S. ____, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

The KSGA criminal history classification question that Villa raises, however, was treated differently in *Dickey*, prior to *Warrior*.

"[T]he language of K.S.A. 22–3504(1) specifically authorizes a court to 'correct an illegal sentence at any time.' This language has generally been interpreted to mean that 'an

4

illegal sentence issue may be considered for the first time on appeal.' *Floyd*, 296 Kan. at 690. This court has defined an 'illegal sentence' as '(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). As noted above, in *Neal*, this court concluded that a challenge to a district court's criminal history score calculation can be raised pursuant to K.S.A. 22-3504(1) because such a challenge essentially raises a claim that the sentence imposed does not conform with the applicable statutory provision regarding the term of punishment authorized for the current conviction. 292 Kan. at 631." *Dickey*, 301 Kan. at 1034.

After acknowledging in its brief that *Dickey* directly addressed and resolved its argument unfavorably, the State persevered, undaunted, and identified "[t]he flaw in our Supreme Court's reasoning," contending that both *Neal* and *Dickey* were wrongly decided. This court, however, is bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). We see no indication the Supreme Court is departing from its position and find that Villa's motion to correct illegal sentence was an appropriate means of advancing his claim concerning the classification of his prior convictions.

*Res judicata*

The State next argues res judicata bars Villa's claim. The applicability of res judicata is a question of law over which this court has unlimited review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013). "Res judicata consists of four elements: '(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.'" [Citation omitted]. *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012).

5

A court may correct an illegal sentence at any time, including for the first time on appeal. K.S.A. 22-3504(1); *Dickey*, 301 Kan. at 1027. Further, a motion to correct an illegal sentence is not subject to the general rule that a defendant must raise all available issues on direct appeal. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). Another panel of this court has recently considered the identical issue raised by the State in this case concluding persuasively that "interpreting the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive that courts may correct an illegal sentence at any time under K.S.A. 22-3504(1)." *State v. Martin*, 52 Kan. App. 2d 474, 481, 369 P.3d 959 (2016), *petition for rev. filed* May 5, 2016. We agree with the *Martin* court that when a claim is made that, if true, would render a sentence illegal, and that claim has not been decided on its merits, res judicata and waiver do not apply. See 52 Kan. App. 2d 474, Syl. ¶ 4.

*Retroactivity of* Dickey

Finally, the State contends that Villa's claim should fail because *Dickey* should not be retroactively applied to any case that has become final. Again, the panel in *Martin* decided the same issue based on a sound rationale:

> "In *Dickey*, our Supreme Court explicitly held: '[C]lassifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*.' 301 Kan. at 1021. In its analysis of those constitutional rights, the court began by examining *Apprendi*, indicating that *Apprendi* was the basis for the ultimate holding in *Dickey*, 301 Kan. at 1036-37. *Descamps* provided a means by which to determine whether certain sentencing determinations violated *Apprendi*, and *Dickey* applied that framework to Kansas criminal history determinations. 301 Kan. at 1036-40.
>
> "Because both *Descamps* and *Dickey* are applications of *Apprendi* and Martin's current Kansas case arose well after *Apprendi* was decided, applying *Dickey* would not require retroactive application of the caselaw identifying the constitutional rights at stake.

See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) ('[T]he new constitutional sentencing rule established by *Apprendi* must be applied here and in all cases pending on direct appeal or which are not yet final or which arose after June 26, 2000.'). Therefore, even if this court were to consider Martin's challenge under the general principle that new constitutional rules cannot be retroactively applied to cases on collateral review, that principle would not bar Martin's claim." 52 Kan. App. 2d at 484.

Although *Dickey* was decided in 2015, the relevant principle declared in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), upon which *Dickey* was based, had been in effect for almost 11 years when the court sentenced Villa. This is not a case of retroactively applying a new rule of constitutional criminal procedure—*Dickey* applied the established rule to the context of criminal history classifications under the KSGA. And, as noted above, we are statutorily authorized to consider correction of illegal sentences at any time. K.S.A. 22-3504(1). Retroactive application of *Dickey* is not an issue and it presents no bar to our consideration of Villa's motion.

*Classification of Villa's burglary conviction*

Villa argues his criminal history score is incorrect under both *Apprendi* and *Dickey*. In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Failure to do so violates a defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution. 530 U.S. at 476-77. "*Apprendi* is implicated . . . when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." *Dickey*, 301 Kan. at 1036 (applying *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 2288-89, 186 L. Ed. 2d 438 [2013]).

7

In *Dickey*, the court held that to classify the pre-KSGA burglary conviction as a person offense, a district court had to find the burglary involved a dwelling. 301 Kan. at 1039. The 1992 statute under which Dickey had been convicted, however, did not include "dwelling" as an element. To classify Dickey's prior burglary as a person offense, therefore, would have required the district court to engage in "making or adopting a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication." 301 Kan. at 1039.

The situation before us is the same. In 1992, when Villa was convicted of burglary, K.S.A 1991 Supp. 21-3715 declared:

> "Burglary is knowingly and without authority entering into or remaining within any: (1) Building, manufactured home, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein.
> "Burglary as described in subsection (1) is a class D felony. Burglary as described in subsection (2) is a class E felony."

As in *Dickey*, since burglary of a "dwelling" was not included in the elements of the crime when he was convicted, that 1992 conviction must be classified as a nonperson crime for criminal history purposes.

Villa's sentence, therefore, must be vacated and the case must be remanded to the district court for resentencing with directions that Villa's 1992 burglary conviction be classified as a nonperson felony in calculating his criminal history score.

8

*Further arguments*

Because the above findings grant Villa the relief he requested, we need not consider his further arguments concerning the Ex Post Facto Clause of the United States Constitution and the district court's summary denial of his motions without a hearing.

Sentence vacated and case remanded for resentencing with directions.