IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 107,836
107,837

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN SMITH,
*Appellant.*

SYLLABUS BY THE COURT

A pre-Kansas Sentencing Guidelines Act (KSGA) conviction and/or juvenile adjudication must be classified for criminal history purposes as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute. The comparable post-KSGA criminal statute is the one that was in effect at the time the crime of conviction was committed.

Review of the judgment of the Court of Appeals in 49 Kan. App. 2d 19, 303 P.3d 716 (2013). Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed February 12, 2016. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jeffery S. Adam*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

1

STEGALL, J.:  Benjamin Smith appeals the district court's denial of his motions for modification or correction of sentence. Smith contends the district court erred by classifying his pre-Kansas Sentencing Guidelines Act (KSGA) convictions for aggravated burglary and robbery as person felonies. Smith's claim is controlled by our recent decision in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). Following *Keel*, we reject Smith's argument and find his pre-KSGA convictions were correctly classified as person felonies.

The relevant facts are not in dispute. In case 09 CR 74, Smith pled guilty to misdemeanor theft and three counts forgery and the district court sentenced him to a controlling sentence of 24 months' probation, with an underlying prison term of 19 months. Then, in case 10 CR 389, Smith pled guilty to one count possession of cocaine and the district court sentenced him to 12 months' probation, with an underlying prison term of 34 months running consecutively to 09 CR 74. Finally, in case 11 CR 170, Smith pled guilty to eight counts of forgery and four counts of theft by deception.

Before sentencing in 11 CR 170, Smith filed a motion for correction or modification of his sentences in 09 CR 74 and 10 CR 389. Smith argued his 1982 convictions for aggravated burglary and robbery had been improperly classified as person felonies. The district court denied the motions. The district court then sentenced Smith to 27 months in prison, with 12 months' postrelease supervision, and revoked Smith's probation in the previous cases.

The Court of Appeals affirmed the district court's denial of Smith's motion. *State v. Smith*, 49 Kan. App. 2d 19, 303 P.3d 716 (2013). We granted review of Smith's sentencing classification claim pursuant to K.S.A. 20-3018(b) and K.S.A. 60-2101(b). "Whether a prior conviction should be classified as a person or nonperson offense under K.S.A. 2014 Supp. 21-6810 requires interpretation of the KSGA, which is a question of

2

law subject to unlimited review." *State v. Luarks*, 302 Kan. 972, ___, 360 P.3d 418, 421 (2015).

Smith's claim is controlled by *Keel*, which rejected the identical argument Smith now raises. In *Keel*, we held "the legislature intended for all prior convictions and juvenile adjudications—including convictions and adjudications occurring before implementation of the KSGA—to be considered and scored for purposes of determining an offender's criminal history score." 302 Kan. at 581. *Keel* explained that "a pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute." 302 Kan. at 581. The opinion concluded: "[T]he comparable post-KSGA criminal statute is the one that was in effect at the time the current crime of conviction was committed." 302 Kan. at 581.

Applying *Keel*, we find Smith's pre-KSGA convictions were properly classified as person offenses. At the time of Smith's convictions in 09 CR 74 and 10 CR 389, the Kansas Criminal Code prohibited the same offenses that comprise Smith's two disputed convictions—aggravated burglary and robbery—and both were classified as person felonies. See K.S.A. 21-3716 (aggravated burglary is person felony); K.S.A. 21-3426 (robbery is person felony). Accordingly, Smith's two pre-KSGA convictions were properly classified as person felonies.

Affirmed.