NOT DESIGNATED FOR PUBLICATION

No. 113,495

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

DAVID H. FRIESEN,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 15, 2016. Order reversed, sentence vacated, and case remanded with directions.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

*Per Curiam:* This is an appeal by the State from an order modifying David Friesen's sentence for aggravated robbery. Contending two convictions in Colorado in 1993 were improperly scored as person felonies when his criminal history was determined, Friesen asked the district court to reduce his sentence because his criminal history score should have been E instead of B. The district court granted him relief by following the principles about how to score out-of-state convictions set out in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order*

1

September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015).

Since the *Murdock* holding was expressly overruled by the Kansas Supreme Court a year later in *Keel*, 302 Kan. 560, Syl. ¶ 9, and Friesen's case was pending at the time, we reverse the district court's ruling, vacate Friesen's new sentence, and remand with directions for resentencing.

*We give a brief history of this case.*

Friesen was convicted of aggravated robbery, a severity level 3 person felony, and assault, a class C misdemeanor, for events that occurred in April 2004. He received a 206-month prison sentence. The court used a criminal history score of B. Included in his criminal history were two 1993 Colorado convictions for second-degree sexual assault, scored as person felonies. Friesen initially objected to several entries on the presentence investigation report, but he withdrew his objections to the Colorado sexual assault convictions at sentencing because the State provided additional documentation. Friesen's convictions were upheld on direct appeal in 2006. See *State v. Friesen*, No. 94,284, 2006 WL 1816367 (Kan. App. 2006) (unpublished opinion), *rev. denied* 282 Kan. 793 (2006). He did not appeal.

Friesen then filed a motion to correct an illegal sentence based on the ruling in *Murdock*. He contended that several of his prior convictions should be reclassified as nonperson offenses according to *Murdock*. The State argued that Friesen had waived the issue by not raising it on direct appeal and *Murdock* did not apply retroactively on a collateral attack.

The district court granted Friesen's motion and resentenced him to an 82-month prison term using a criminal history score of E. The State appealed, citing *State v.*

*McKnight*, 292 Kan. 776, 257 P.3d 339 (2011), where the court held that appellate courts may review a claim by either party that the sentence imposed was an illegal sentence.

*The holding in* Murdock *is no longer good law.*

We need not dwell on this matter too long. While Friesen's resentencing was pending on direct appeal, our Supreme Court overruled *Murdock* in *Keel*. New opinions of our Supreme Court are binding on all other future cases and all cases still pending on appeal when the new opinions are filed. *Stechschulte v. Jennings*, 297 Kan. 2, 18, 298 P.3d 1083 (2013). Therefore, *Keel* controls our decision here. The *Murdock* decision was the basis for Friesen's motion to correct an illegal sentence, his arguments at the subsequent hearing, and the district court's resentencing. *Murdock* is no longer good law; and a sentence based on the *Murdock* decision does not conform to the statutory sentencing provision and is, therefore, illegal. See *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

In opposition, Friesen makes two contentions. First, he contends that the State did not properly preserve its arguments because the resentencing hearing is not part of the record and, thus, it cannot be determined whether the State objected to Friesen's criminal history score at the resentencing hearing. However, the court's hearing on Friesen's motion to correct an illegal sentence is part of the record. It reveals that the State argued against sentencing Friesen based on *Murdock*.

Next, he argues that *Keel* was wrongly decided. Even so, this court is duty bound to follow Kansas Supreme Court precedent unless there is some indication the Supreme Court is departing from its previous decision. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015). *Keel* was only just decided in 2015 and reaffirmed by our Supreme Court in *State v. Smith*, 303 Kan. 773,

2016 WL 555704, at *1-2 (No. 107,836, filed February 12, 2016). We see no glimmer of any change in the court's position on this.

Friesen offers a vigorous argument about the legislature's retroactive application of House Bill 2053 (L. 2015, ch. 5, sec. 2) that amended K.S.A. 2014 Supp. 21-6811(e). See K.S.A. 2015 Supp. 21-6811(e,)(j). We offer no response to that argument since we must follow the express ruling in *Keel*.

*The convictions can be scored as person felony convictions.*

Friesen does make an interesting argument in the alternative. He contends that the district court reached the correct result, but for the wrong reason. In his view, his two prior Colorado convictions for second-degree sexual assault should be classified as nonperson felonies under the ruling in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

Friesen acknowledges that he did not raise this argument in the district court. But he may raise this issue for the first time in this appeal. Courts may correct an illegal sentence at any time. K.S.A. 22-3504(1). Therefore, whether a sentence is illegal may be considered for the first time on appeal. *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015). Moreover, a challenge to an illegal sentence is not subject to the general rule that a defendant must raise all available issues on direct appeal. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011).

Fundamental points of law offer some guidance at this stage. An illegal sentence is (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *Dickey*, 301 Kan. at 1034. A defendant's challenge to

4

his criminal history score calculation under *Descamps*, 133 S. Ct. at 2281-86, is necessarily a challenge that the sentence imposed does not conform to the applicable statutory provision regarding the term of punishment authorized for his conviction. See See *Dickey*, 301 Kan. at 1027-34. Interpretation of a sentencing statute and whether a prior conviction should be classified as a person or nonperson offense are questions of law over which this court has unlimited review. *Keel*, 302 Kan. at 571.

Sexual assault involves a person. But, the Kansas sentencing statute provided that "[i]n designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." K.S.A. 2003 Supp. 21-4711(e). When designating a pre-1993 conviction as a person or nonperson crime for criminal history purposes, the court must consider how the crimes would have been classified based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. *Keel*, 302 Kan. 561, Syl. ¶ 8.

In determining what constitutes a comparable offense under the Sentencing Guidelines Act, courts compare the elements of each offense, but the elements need not be identical. The essential question is whether the offenses are similar in nature and cover similar conduct. *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014). Kansas courts look for the offense that is the "closest approximation" or "most comparable." *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled on other grounds by Dickey*, 301 Kan. at 1032; *State v. Hernandez*, 24 Kan. App. 2d 285, 287, 944 P.2d 188, *rev. denied* 263 Kan. 888 (1997). Offenses may be comparable even when the out-of-state statute encompassed some acts not necessarily encompassed by the Kansas statute. In *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120, *rev. denied* 302 Kan. ___, (June 30, 2015), the court found that although the statutes in that case used different language, both offenses prohibited the same general type of conduct—sexual contact between children and adults. Crimes which inflict, or could

5

inflict, physical or emotional harm to another are generally designated as person crimes. Crimes which inflict, or could inflict, damage to property are generally designated as nonperson crimes. *Vandervort*, 276 Kan. at 178.

There are limits that a court must observe in this process. In making the person or nonperson determination, the district court is constitutionally prohibited under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps*, 133 S. Ct. 2276, from making additional factual findings beyond simply identifying the statutory elements of the offense. *Dickey*, 301 Kan. at 1039. Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In *Descamps*, the government sought to increase a defendant's sentence under the Armed Career Criminal Act, which permitted an increase in the sentence of certain federal defendants who had three prior convictions "for a violent felony," including "burglary, arson, or extortion." 133 S. Ct. at 2281. Descamps argued his prior burglary conviction did not count as an Armed Career Criminal Act predicate offense because he was convicted under an unusually broad California burglary statute that provided a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary." 133 S. Ct. at 2282. The statute did not require that the entry be unlawful, as most burglary laws do. The district court examined the record of the plea colloquy to determine whether Descamps had admitted to breaking and entering—an element of generic burglary—and found that he did. The United States Supreme Court reversed. 133 S. Ct. at 2283. When the statute forming the basis of the defendant's prior conviction is "indivisible," *i.e.*, it does not contain alternative elements, sentencing courts may look only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offenses and *not* to the particular facts underlying those convictions. 133 S. Ct. at 2281-83. Thus, the district court erred by reviewing the plea colloquy to determine if Descamps

6

admitted to breaking and entering. 133 S. Ct. at 2285-86. But, when a statute is "divisible," *i.e.*, it comprises multiple, alternative versions of the crime, then courts are permitted to examine a limited class of extra-statutory materials to determine which of the statute's alternative elements formed the basis of the defendant's prior conviction. 133 S. Ct. at 2283-85.

Our Supreme Court has applied *Descamps* in *Dickey*. In order to classify a prior burglary conviction as a person offense under K.S.A. 2014 Supp. 21-6811(d), the *Dickey* court needed to find that the prior burglary involved a "dwelling." 301 Kan. at 1021-22, 1039. The burglary statute that formed the basis of Dickey's prior juvenile adjudication for burglary was divisible, but none of the alternatives include an element that the burglarized structure be a dwelling. Thus, the district court was constitutionally prohibited from classifying the prior burglary adjudication as a person offense under *Descamps* and *Apprendi* "because doing so would have necessarily resulted from the district court making or adopting a finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication." 301 Kan. at 1039.

Friesen challenges the classification of two 1993 Colorado convictions for second-degree sexual assault as person felonies. He contends that the Colorado statute was broader than any comparable Kansas statute. At that time, Colorado defined second-degree sexual assault as follows:

> "(1)  Any actor who knowingly inflicts sexual penetration or sexual intrusion on victim commits sexual assault in the second degree if:
>> (a)  The actor causes submission of the victim to sexual penetration by any means other than those set forth in section 18-3-402, but of sufficient consequence reasonably calculated to cause submission against the victim's will; or

(b)  The actor causes submission of the victim to sexual intrusion by any

means other than those set forth in 18-3-402, but of sufficient consequence

reasonably calculated to cause submission against the victim's will; or

(c)  The actor knows that the victim is incapable of appraising the nature of

the victim's conduct; or

(d)  The actor knows that the victim submits erroneously, believing the actor

to be the victim's spouse; or

(e)  At the time of the commission of the act, the victim is less than fifteen

years of age and the actor is at least four years older than the victim and is

not the spouse of the victim; or

. . . .

(g)  The victim is in the custody of law or detained in a hospital or other

institution and the actor has supervisory or disciplinary authority over the

victim and uses this position of authority, unless the sexual intrusion is

incident to a lawful search, to coerce the victim to submit; or

(h)  The actor engages in treatment or examination of a victim for other than

bona fide medical purposes or in a manner substantially inconsistent with

reasonable medical practices." Colo. Rev. Stat. § 18-3-403(1) (1986).

Colorado classified second-degree sexual assault as a felony. Colo. Rev. Stat. § 18-3-403(2) (1986).

If all of the subsections of the Colorado second-degree sexual assault statute are comparable to Kansas person felonies, then there is no need to engage in any factfinding beyond the elements of the statute. But, Friesen specifically contends that subsections (d) and (h) of the Colorado sexual assault statute did not correspond to a Kansas crime, person or otherwise. Thus, Friesen contends the prior Colorado convictions must be treated as nonperson felonies. He acknowledges that subsections (a)-(c) were comparable to the crimes of rape under K.S.A. 2003 Supp. 21-3502(a)(1)(A)-(C) and aggravated criminal sodomy under K.S.A. 21-3506(a)(3)(A)-(C) (1995 Furse), which were person crimes at the time of Friesen's current crime. K.S.A. 2003 Supp. 21-3502(c); K.S.A. 21-3506(c) (1995 Furse). He also acknowledges that subsections (e) and (g) corresponded to

Kansas person felonies at the time of his current crime. But, Friesen contends that the district court was required to engage in factfinding beyond simply identifying the elements of the prior offense to determine which of the subsections of the Colorado sexual assault statute he was convicted of. We question one of those contentions.

Initially, we note that the Colorado second-degree sexual assault provision is in a section of its statutes titled "Offenses Against the Person." See Colo. Rev. Stat. § 18-3-401 (1986) *et seq.*; *State v. Barajas*, 43 Kan. App. 2d 639, 645, 230 P.3d 784 (2010) (citing K.S.A. 21-3401 *et seq.*).

Keeping in mind that the elements need only be comparable, not identical, subsection (h) (the actor engages in treatment or examination of a victim for other than bona fide medical purposes or in a manner substantially inconsistent with reasonable medical practices) of the Colorado statute is comparable to K.S.A. 2003 Supp. 21-3502(a)(3) that provided:

> "(a)  Rape is: . . .
>
> (3) sexual intercourse with a victim when the victim's consent was obtained through a knowing misrepresentation made by the offender that the sexual intercourse was a medically or therapeutically necessary procedure."

The two provisions cover similar conduct—sexual contact ostensibly for a medical purpose.

The comparable offense to subsection (d) (the actor knows that the victim submits erroneously, believing the actor to be the victim's spouse) is less clear. The most comparable section would be K.S.A. 2003 Supp. 21-3502(a)(3)-(4) that criminalized sexual intercourse obtained by a "knowing representation made by the offender" either that "the sexual intercourse was a medically or therapeutically necessary procedure" or

9

that "the sexual intercourse was a legally required procedure within the scope of the offender's authority." Neither are the same crime criminalized under the Colorado statute. But, they both involved tricking a person for sexual intercourse. These are both person crimes.

Friesen acknowledges that the Colorado sexual assault statute is divisible. Thus, a court is permitted to look to extra-statutory materials, such as charging documents, plea agreements, jury instructions, verdict forms, transcripts from plea colloquies, and findings of fact and conclusions of law from a bench trial, to determine which of the statute's alternative elements formed the basis of the defendant's prior conviction. *Dickey*, 301 Kan. at 1038 (citing *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 [2010]).

Even though Friesen asks for a remand for further examination, we see no reason to do so. Friesen's presentence investigation report listed which of the statute's alternative elements formed the basis of Friesen's conviction. The report listed Colo. Rev. Stat. § 18-3-403(1)(A) as the statute for Friesen's second-degree sexual assault convictions. The source is listed as "CO-DOC records." Friesen acknowledges that subsection (1)(a) was comparable to the Kansas person offense of rape. Friesen's attorney initially filed written objections to the criminal history in Friesen's presentence investigation report. The attorney withdrew her objection after the State provided documentation.

Subsection (1)(a) of the Colorado second-degree sexual assault statute was comparable to the Kansas person offense of rape. Friesen's prior convictions were properly categorized as person offenses at the original sentencing.

We reverse the district court's grant of Friesen's motion to amend an illegal sentence, vacate his new sentence, and remand to the district court with directions for resentencing Friesen with a criminal history score of B.