NOT DESIGNATED FOR PUBLICATION

No. 113,894

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARIO MERRILLS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed September 9, 2016. Affirmed.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MCANANY and GARDNER, JJ.

*Per Curiam*:  Mario Merrills appeals the district court's denial of his motions to correct an illegal sentence. He argues that resentencing is necessary because the district court misclassified four pre-1993 juvenile adjudications as person felonies resulting in a criminal history score of A rather than B. Because we find that based on our Supreme Court's decision in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), Merrills' criminal history was properly classified as A, we affirm.

1

In April 2001, Merrills was convicted of aggravated robbery and attempted murder in case No. 00CR2387. He appealed his conviction to this court which affirmed in part, vacated his sentence, and remanded for resentencing based on its conclusion that the findings of fact the district court made to support an upward durational departure violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *State v. Merrills*, No. 87,401, 2004 WL 421960 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 850 (2004). After resentencing, Merrills again appealed, arguing that the district court erred when it considered his juvenile adjudications when calculating his criminal history score—because such adjudications are not routinely subject to jury trials—and when it ran his sentences consecutively upon resentencing. This court affirmed the district court. *State v. Merrills*, 37 Kan. App. 2d 81, 86, 149 P.3d 869, *rev. denied* 284 Kan. 949 (2007).

In 2008, Merrills filed a K.S.A. 60-1507 motion which the district court summarily denied. On appeal, a panel of this court remanded the case for an evidentiary hearing on Merrills' ineffective assistance of counsel claim. *Merrills v. State*, No. 102,021, 2010 WL 5139879, at *10-11 (Kan. App. 2010), *rev. denied* 291 Kan. 913 (2011). On remand, the district court again denied Merrills relief and he again appealed. On appeal, this court affirmed the district court. *Merrills v. State*, No. 110,409, 2015 WL 1782547, at *11 (Kan. App. 2015), *rev. denied* January 25, 2016.

In 2013, Merrills was convicted of trafficking contraband in a correctional institution and was sentenced to an additional 24 months in prison in case No. 12CR2298.

In 2014, Merrills filed several motions to correct an illegal sentence arguing that the district court sentenced him based upon its erroneous determination that his criminal

history score was A rather than B. The district court denied the motions. Merrills now appeals.

ANALYSIS

*This court is not procedurally barred from considering Merrills' claim.*

Rather than directly addressing Merrills' arguments, the State challenges this court's ability to consider Merrills' appeal. The State contends: (1) the errors Merrills complains of cannot be remedied via motions to correct an illegal sentence; (2) res judicata bars Merrills' claim; and, (3) *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), cannot be applied retroactively to change the classification of his pre-1993 juvenile burglary adjudication. A panel of this court recently addressed similar arguments in *State v. Martin*, 52 Kan. App. 2d 474, 369 P.3d 959 (2016).

There, Martin filed two motions to correct an illegal sentence challenging the classification of two in-state 1990 juvenile adjudications for burglary as person felonies. The first motion argued that such classification was improper under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), the second relied on *Dickey*. While this court made note that Martin's motions raised constitutional issues, the panel concluded that the claim could be raised in a motion to correct an illegal sentence because "when a constitutional challenge results in the determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence." *Martin*, 52 Kan. App. 2d at 483.

This court additionally held that res judicata does not apply to bar consideration of a motion to correct an illegal sentence unless the issue of illegality has previously been raised and determined on the merits—simply having had an opportunity to raise the issue

on direct appeal does not trigger res judicata. 52 Kan. App. 2d at 481. The panel explained that it would contravene the legislative intent of K.S.A. 22-3504, that an illegal sentence may be corrected at any time, to prohibit consideration of such claims on the basis of res judicata. 52 Kan. App. 2d at 481.

Finally, this court concluded that *Dickey* may be applied retroactively. 52 Kan. App. 2d at 484. In the alternative, the panel concluded that because *Dickey* was the progeny of *Apprendi*, the rule it iterated was not a new constitutional rule but rather a clarification of the law as it existed at the time Martin was sentenced. 52 Kan. App. 2d at 484. As a result, the prohibition against retroactive application of new constitutional rules did not apply. 52 Kan. App. 2d at 484.

Here, Merrills complains that the district court's improper classification of his pre-1993 juvenile adjudications rendered his sentence illegal because it resulted in a criminal history score of A rather than B. Accordingly, the sentence did not "conform to the statutory provision" and was illegal. See K.S.A. 22-3504(1); *Martin*, 52 Kan. App. 2d at 483. As a result, a motion to correct an illegal sentence was the appropriate remedy for Merrills to pursue.

Merrills has never previously raised the issue of the classification of his pre-1993 adjudications. Thus, res judicata does not apply to bar his claim. Merrills, like Martin, was sentenced after the rule in *Apprendi* had been announced so there is no concern that the protections of *Dickey* should not be extended to him. On the surface, Merrills has a viable claim that he was improperly sentenced. Accordingly, we will address the merits of Merrills' appeal.

4

*The district court did not err when it denied Merrills' motions to correct an illegal sentence.*

Merrills contends that the district court erred when it denied his motions to correct an illegal sentence. A sentence is illegal if (1) the sentencing court lacked jurisdiction to impose it; (2) the sentence "does not conform to the applicable statutory provision, either in character or the term of authorized punishment;" or (3) the sentence "is ambiguous with respect to the time and manner in which it is to be served." *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). Kansas courts narrowly construe K.S.A. 22-3504 so that only rarely will a sentence be found to be illegal. *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006). Whether a sentence is illegal is a question of law that this court reviews de novo. *Taylor*, 299 Kan. at 8.

Merrills makes several different arguments for why this court should find that the district court erred when it denied his motions, each of which will be considered in turn.

*Case No. 12CR2298*

To the extent that Merrills appeals the district court's denial of his motion to correct an illegal sentence in case No. 12CR2298, resolution of his claim is simple. At the time of his conviction in case No. 12CR2298, Merrills' criminal history included five post-1993 person felonies: the three convictions in case No. 00CR2387 and two 1996 convictions for burglary. Thus, it was unnecessary for the district court to consider Merrills' pre-1993 crimes to arrive at the conclusion that Merrills' criminal history score was A. See K.S.A. 2013 Supp. 21-6804(a). Even if the district court erred in classifying Merrills' pre-1993 adjudications, Merrills was not harmed by the error in his 2012 case because his criminal history would have been A without considering those crimes.

5

Because the district court did not err when it calculated Merrills' criminal history score as A in case No. 12CR2298, the district court's decision denying his motion to correct an illegal sentence is affirmed.

*Case No. 00CR2387*

The only plausible way for this court to provide Merrills with relief in case No. 00CR2387 is for us to find that the district court should have scored his pre-1993 juvenile adjudications as nonperson felonies in accordance with *Murdock*. At the time of his conviction in case No. 00CR2387, Merrills' had four pre-1993 juvenile adjudications that the district court scored as person felonies, one each for: aggravated arson, burglary, attempted robbery, and aggravated robbery. Additionally, Merrills' presentence investigation report revealed that he had two 1996 convictions for burglary; there is no dispute these were properly scored as person felonies.

Merrills argues that under *Murdock*, his pre-1993 juvenile adjudications should have been classified as nonperson felonies. Merrills recognizes that our Supreme Court recently overturned *Murdock* in *Keel*, 302 Kan. 560, but nonetheless asks that this court reconsider the *Keel* holding. This court is duty bound to follow Kansas Supreme Court precedent absent some indication that the Court is departing from a prior holding. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). The *Keel* decision is recent and continues to be relied upon. See *State v. Smith*, 303 Kan. 773, 773-74, 367 P.3d 296 (2016). Because it does not appear that the Supreme Court is wavering in its support of its holdings in *Keel*, this court may not reconsider that decision.

Furthermore, because our Supreme Court concluded in *Keel* that since the KSGA was adopted, the law in Kansas has been that pre-KSGA in-state convictions should be classified as person or nonperson felonies based on a comparison of the statute in effect

6

at the time of the prior crime and the one in effect at the time of the crime of conviction, it is unnecessary to consider Merrills' alternative contention that retroactive application of H.B. 2053 (now K.S.A. 2015 Supp. 21-6810[d], [e]) is unconstitutional. See *Keel*, 302 Kan. 560, Syl. ¶ 8 (explaining how to score pre-KSGA crimes). Under this analysis, H.B. 2053 does not alter the classification of in-state crimes. So we next turn to the merits of Merrills' claim.

Merrills' contested adjudications include those for aggravated arson in accordance with K.S.A. 21-3719 (Ensley 1988), burglary as found in K.S.A. 1989 Supp. 21-3715, attempted robbery (K.S.A. 1989 Supp. 21-3301 and K.S.A. 21-3426 [Ensley 1988]), and aggravated robbery (K.S.A. 21-3427 [Ensley 1988]). With the exception of Merrills' burglary adjudication, each of his pre-KSGA adjudications is comparable to the statute in effect in 2000 for the same crime. Each crime was subsequently classified as a person felony in all its forms. See K.S.A. 21-3719 (Furse); K.S.A. 21-3301 (Furse); K.S.A. 21-3426 (Furse); K.S.A. 21-3427 (Furse).

The district court was correct to classify Merrills' adjudications as person or nonperson crimes for purposes of calculating his criminal history score. The district court properly classified the adjudications for aggravated arson, attempted robbery, and aggravated robbery as person felonies.

Having concluded that at least three of Merrills' pre-1993 juvenile adjudications should have been scored as person felonies when the district court calculated his criminal history score, it is unnecessary to consider his argument that one of the adjudications was improperly scored under *Dickey*. Even if Merrills' burglary adjudication was improperly classified as a person felony, the error was harmless because his three remaining adjudications and two adult convictions were all properly scored as person felonies and would have resulted in a criminal history score of A by themselves. See K.S.A. 2015

Supp. 21-6804 (three or more person felonies warrants a criminal history classification of A).

For the reasons set forth above, the district court did not err when it calculated Merrills' criminal history score as A in case No. 00CR2387 and its decision is affirmed.

Affirmed.