NOT DESIGNATED FOR PUBLICATION

No. 125,267

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BERNARD L. SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion filed April 19, 2024. Affirmed.

*Jonathan B. Phelps*, of Phelps-Chartered, of Topeka, for appellant.

*Carolyn A. Smith*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., SCHROEDER, J., and MARY E. CHRISTOPHER, S.J.

PER CURIAM: Bernard L. Smith was convicted in 2007 of an aggravated robbery committed in 2005. Smith now timely appeals the district court's denial of his motion to correct illegal sentence. Smith argues his 1988 attempted aggravated burglary conviction was improperly classified as a person felony for criminal history purposes, which resulted in an illegal sentence. Smith's claim is not persuasive. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In July 2007, Bernard L. Smith pled guilty to one count of aggravated robbery for acts that occurred in May 2005. At sentencing, Smith's motion to withdraw his plea of guilty was denied, and the district court sentenced him based on his criminal history score of A. Smith appealed the district court's denial of his presentence motion to withdraw plea, and a panel of this court affirmed. *State v. Smith*, No. 101,270, 2010 WL 1078425, at *1 (Kan. App. 2010) (unpublished opinion) (*Smith I*).

In June 2014, Smith filed a pro se motion to correct illegal sentence, arguing his 1988 and 1990 Kansas burglary convictions—convictions for crimes committed before the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq., went into effect—were incorrectly classified as person felonies affecting his criminal history score. In August 2015, Smith filed another pro se motion to correct illegal sentence and an amendment to his pro se motion to correct illegal sentence, reiterating his two pre-KSGA Kansas felony convictions were nonperson felonies for calculating his criminal history. The State disagreed. In a reply motion, Smith also argued he was objecting to the classification of his 1988 attempted aggravated burglary conviction as a person felony.

The district court held a hearing and explicitly asked if Smith was arguing the classification of his attempted aggravated burglary conviction in addition to the two burglary convictions. Smith's attorney replied, "No," and explained the rationale relied on to dispute Smith's prior burglary convictions did not apply to aggravated burglary. The district court took the matter under advisement. In a memorandum decision and order, the district court found Smith's claim was a constitutionally based challenge to an illegal sentence and denied the motion. Smith appealed.

In *State v. Smith*, No. 117,237, 2018 WL 2271412, at *1 (Kan. App. 2018) (unpublished opinion) (*Smith II*), another panel of this court reversed the district court

2

and remanded for resentencing. The panel explained the district court erred in procedurally barring Smith's motion to correct illegal sentence and misclassified Smith's 1988 and 1990 burglary convictions as person felonies for criminal history purposes. 2018 WL 2271412, at *4.

An amended presentence investigation (PSI) report classified Smith's criminal history score as C. The State disagreed, arguing the new PSI incorrectly counted Smith's 1988 attempted aggravated burglary conviction as a nonperson felony and Smith should have had a criminal history score of B.

The district court held a resentencing hearing, found Smith's correct criminal history score was B, and sentenced him to 206 months' imprisonment. Smith timely appealed. Another panel of this court summarily dismissed Smith's claim related to his presumptive sentence and affirmed the district court's finding related to his criminal history score. *State v. Smith*, No. 122,351 (order filed July 31, 2020). Our Supreme Court denied Smith's petition for review.

Smith subsequently filed another pro se motion to correct an illegal sentence, arguing his 1988 attempted aggravated burglary conviction should have been a nonperson felony and, therefore, he should have had a criminal history score of C. Smith asked the district court for another resentencing hearing and was denied.

ANALYSIS

Smith now argues his 1988 attempted aggravated burglary conviction should have been scored as a nonperson felony in calculating his criminal history score and we should remand to the district court for resentencing. Smith claims his 1988 conviction should be scored using the classification assigned at the time of that conviction and, because his conviction was an unclassified felony in 1988, it should now be considered a nonperson

3

crime for criminal history purposes. Smith acknowledges contrary authority in Kansas but asserts such authority does not address the precise issue raised here.

The State responds, suggesting Smith's argument is successive but admits it is unclear if this issue was raised in Smith's prior appeal. The State then argues, even if the issue is not successive, the district court properly classified Smith's 1988 conviction of attempted aggravated burglary as a person felony.

Whether a sentence is illegal under K.S.A. 22-3504 turns on interpretation of the KSGA. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) (*Dickey II*). Statutory interpretation is a question of law subject to unlimited review. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015). We also apply de novo review when a district court summarily denies a motion to correct an illegal sentence. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). An "'[i]llegal sentence'" as defined by K.S.A. 22-3504(c)(1) is

> "a sentence:  Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."

*Smith's motion is not successive.*

"'A successive motion that merely seeks a "second bite" at the illegal sentence apple is susceptible to dismissal according to our longstanding, common-law preclusionary rules.'" *State v. Moncla*, 317 Kan. 413, 417, 531 P.3d 528 (2023). Smith's previous appeals dealt with his 1988 and 1990 burglary convictions, not how his 1988 attempted aggravated burglary conviction was scored. See *Smith II*, 2018 WL 2271412, at *1. In fact, in a 2015 motion hearing, the district court clarified Smith was not arguing the 1988 attempted aggravated burglary conviction was incorrectly classified for criminal

4

history purposes. Also, at Smith's resentencing hearing, the parties agreed the attempted aggravated burglary conviction was not previously raised on appeal. This appeal is not based on a successive motion merely seeking "'a "second bite" at the illegal sentence apple'" as it relates to Smith's 1988 attempted aggravated burglary conviction. See *Moncla*, 317 Kan. at 417.

*Smith's motion fails on the merits.*

K.S.A. 21-6810(d)(2) reads:

"All prior adult felony convictions, including expungements, will be considered and scored. Prior adult felony convictions for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed."

A prior conviction of an attempt to commit a crime shall be treated as a person or nonperson crime in accordance with the designation of the underlying crime. See *Keel*, 302 Kan. at 590.

Smith argues K.S.A. 21-3716—the statute for aggravated burglary—was repealed and his 1988 conviction should therefore be scored using the classification at the time of that conviction. Smith quotes K.S.A. 21-6810(d)(8), which provides: "Prior convictions of a crime defined by a statute that has since been repealed shall be scored using the classification assigned at the time of such conviction." Smith explains aggravated burglary was classified as a class C felony in 1988, rather than a person or nonperson felony and, therefore, should have been scored as a nonperson felony for purposes of determining his criminal history. But K.S.A. 21-3716 was repealed after Smith's current crime of conviction. L. 2010, ch. 136, § 307.

5

Smith also argues the district court should have classified his 1988 attempted aggravated burglary conviction as a nonperson felony for criminal history purposes based on our Supreme Court's holding in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). In *Dickey I*, our Supreme Court explained the district court

"was constitutionally prohibited from classifying Dickey's prior burglary adjudication as a person felony because doing so would have necessarily resulted from the district court making or adopting a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication. Because burglary of a 'dwelling' . . . was not included within the statutory elements making up Dickey's prior burglary adjudication, the burglary adjudication should have been classified as a nonperson felony." 301 Kan. at 1039-40.

Smith incorrectly compares the 1988 version of the statute with the current statute, K.S.A. 21-5807(b)—which includes an additional dwelling element—rather than comparing the 1988 version of the statute with the statute in effect at the time of his current crime of conviction in May 2005.

The aggravated burglary statute in effect when Smith committed his current crime of conviction read:

"Aggravated burglary is knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3716 (Furse 1995).

The aggravated burglary statute in 1988 read:

"Aggravated burglary is knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor

6

vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is some human being, with intent to commit a felony or theft therein." K.S.A. 21-3716 (Ensley 1988).

Neither statute required evidence showing the burgled structure was a dwelling, and the statutes' substantive content is nearly identical. The primary difference is that the earlier statute was narrower in its intent to commit a felony or theft therein and did not include intent to commit a sexual battery. Smith's conviction under the elements of the earlier statute thus fit within the elements of the latter statute.

Not only have other panels of this court previously rejected Smith's argument, as the parties mention, but our Supreme Court also found a pre-KSGA conviction of aggravated burglary under K.S.A. 21-3716 was properly classified as a person offense. *State v. Smith*, 303 Kan. 773, 774, 367 P.3d 296 (2016); *State v. Buford*, No. 119,486, 2019 WL 1575256, at *2 (Kan. App. 2019) (unpublished opinion); *State v. Hopkins*, No. 114,300, 2016 WL 4735093, at *3-4 (Kan. App. 2016) (unpublished opinion); *State v. Antalek*, No. 114,033, 2016 WL 4063971, at *2 (Kan. App. 2016) (unpublished opinion); *State v. Luton*, No. 113,936, 2016 WL 3960210, at *4-5 (Kan. App. 2016) (unpublished opinion).

Smith did not raise any new arguments or developments in the law regarding the classification of his prior attempted aggravated burglary conviction. See *Moncla*, 317 Kan. at 416-17 (finding motion that fails to establish subsequent development in law that would undermine prior decision is subject to dismissal). The district court did not engage in prohibited fact-finding beyond the elements of the crime when it classified Smith's 1988 attempted aggravated burglary conviction as a person felony for Smith's criminal history score. We find no error in Smith's criminal history calculation.

Affirmed.